**INTERNATIONAL FIDELITY IN-SURANCE COMPANY, Appellant–Intervenor Below,**

v.

**STATE of Indiana, Appellee–Plaintiff Below.**

No. 86A03–9203–CR–84.

Court of Appeals of Indiana, Third District.

Nov. 5, 1992.

Transfer Denied Dec. 30, 1992.

---

Larry F. Whitham, Whitham, McColley & Ross, P.C., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

International Fidelity Insurance Company brings this appeal of the trial court's judgment denying its motions for relief from judgments in seven consolidated causes in which bond forfeitures were entered.

The facts relevant to the appeal disclose that International was the surety on the bonds for seven criminal defendants who failed to appear in court. On October 28, 1991, the trial court entered forfeiture and late surrender fee judgments against International in each cause.

On January 21, 1992, in each case, International filed a motion entitled "Motion to Vacate Bond Forfeiture Judgment and to Set Aside Late Surrender Fees." In its motions, International alleged that "despite diligent and reasonable efforts of Surety ... Surety has been unable to secure the return of Defendant." Also, International requested vacation of the judgment based upon "fairness and equity." The motions were denied on the day they were filed.

Then on February 14, 1992, International filed motions entitled "Trial Rule 60(B) Motion to Reconsider Order and to Grant Relief From Judgment." The motions alleged that International did not receive notice of the defendants' failure to appear; thus, it was "impossible for Surety to effect the timely apprehension and return" of the defendants. The motions were denied on February 18, 1992.

International filed a third set of motions to reconsider on March 5, 1992, explaining the inconsistencies between the first motion and the second and requesting equitable relief. The motions were denied on the same day they were filed.

Finally, on March 17, 1992, International filed its praecipe to initiate its appeal. The State contends that this Court should dismiss the appeal due to International's failure to timely file its praecipe.

Ind. Appellate Rule 2(A) provides in relevant part:

> "An appeal is initiated by filing with the clerk of the trial court a praecipe designating what is to be included in the record of the proceedings. The praecipe shall be filed within thirty (30) days after the entry of a final judgment or an appealable final order[.] ..."

The State argues that International filed three sets of T.R. 60(B) motions which did not stay the time period for filing the praecipe. *See Moe v. Koe* (1975), 165 Ind.App. 98, 105, 330 N.E.2d 761, 765 (T.R. 60 motion does not avoid normal appeal procedures). International disputes the State's characterization of the January 21, 1992 motions as T.R. 60(B) motions. International does not explain why the January 21, 1992 order did not trigger the 30–day period within which to file the praecipe. Although the January 21, 1992 motions did not recite T.R. 60(B) terminology in requesting reconsideration of final judgments, it appears that T.R. 60(B) would be the appropriate vehicle. Nevertheless, the rulings on the January 21, 1992 motions were "appealable final orders" as contemplated by App.R. 2(A). The 30–day period for filing the praecipe commenced on January 21, 1992.

The failure to timely file a praecipe is a jurisdictional impediment to review requiring dismissal of the appeal.

*Sullivan v. American Cas. Co. of Reading, Pa.* (1991), Ind.App., 582 N.E.2d 890, 893;

*Dixon v. State* (1991), Ind.App., 566 N.E.2d 594, 596. Here, the praecipe was filed 26 days beyond the 30–day period. Accordingly, the appeal is dismissed.

Dismissed.

GARRARD and STATON, JJ., concur.