**Barbara CORKELL, Appellant,**

v.

**Eugene CORKELL, Appellee.**

No. 48A02–9407–CV–408.

Court of Appeals of Indiana.

July 17, 1995.

Marianne Woolbert, Anderson, for appellant.

Kelley Y. Baldwin, Shelbyville, for appellee.

## OPINION

FRIEDLANDER, Judge.

Barbara Corkell contends that the trial court erred in granting Eugene Corkell's Motion to Quash Praecipe for Transcript and to Order All Future Filings be Served on Counsel of Record.

We reverse.

The facts favorable to the judgment are that on July 10, 1990, Barbara and Eugene were divorced in Madison Superior Court, Division III. The court ordered joint legal custody of the minor child born of the marriage, with Eugene having primary physical custody. Barbara would not pay child support and Eugene would live in the marital residence. The court further ordered the parties to equally divide any profit realized from the sale of the residence. On September 23, 1993, Eugene filed a petition for modification, seeking child support from Barbara. A hearing was set and notice was sent to Barbara, who lived out of state. The

record indicates that Barbara received service on December 23, 1993. A December 29 hearing was held, but Barbara failed to appear. Following the hearing, the court granted the motion, as reflected in the following entry on the court's chronological summary sheet:

"The court grants petition to modify and finds that hereafter the respondent, Barbara Corkell, shall pay support in the amount of $69.00 per week through the Clerk of the Court. She shall also pay the yearly support docket fee. The Court also finds that the real property of the parties that was previously awarded as joint tenants with right of survivorship, shall now be set off to the petitioner as his sole property.... That the petitioner has made substantial modifications to the home increasing its value and that his present wife's resources were used to effectuate said remodeling and are reasons to justify placing the sole ownership of the real estate with the petitioner." *Record* at 6. A copy of the order was sent to Barbara but was returned unclaimed.

On January 28, 1994, Barbara filed a motion to set aside the December 29 order on grounds that Barbara had made a good faith effort to secure local counsel to attend the hearing, but counsel did not enter an appearance in time for the hearing because counsel had not yet received in the mail materials from Barbara necessary to secure her services. On March 25, 1994, Barbara's counsel filed a praecipe requesting a hearing on the motion to set aside. In the praecipe, counsel indicated that she would "be able to make a 15 minute hearing at the court's convience [sic]" on March 28 or 29. *Record* at 37. The motion was denied on April 6, 1994. On April 26, 1994, Barbara filed a motion to correct error, challenging the substance of the December 29 modification order. The motion to correct error was denied on May 10, 1994. On May 5, after filing the motion to correct error but before receiving the ruling, Barbara filed a Praecipe For Transcript For Appeal.

On May 12, 1994, two days after the motion to correct error was denied, Eugene filed a Motion to Dismiss Motion to Correct

Errors on the ground that the motion was not timely filed. The motion to dismiss was granted on May 24, 1994. On June 1, 1994, Eugene filed a Motion to Quash Praecipe for Transcript and to Order All Future Filings be Served on Counsel of Record based upon the contention that the May 5 praecipe was not timely filed. The motion to quash was granted on June 6, 1994. Barbara appeals the granting of the motion to quash.

■ Desiring to preserve the December 29 favorable ruling on his modification petition, Eugene sought dismissal of the motion to correct error as untimely, even though the motion had already been ruled upon. This was apparently done on the belief that the timeliness of the praecipe was dependent upon the viability of the motion to correct error. If the motion to correct error remained viable, even though denied, then the 30–day period for filing a praecipe to initiate an appeal of the December 29 modification order arguably commenced running on May 10, when the motion to correct error was denied. On the other hand, with the motion to correct error dismissed, the 30–day period commenced running on December 29 and the praecipe was untimely and should be quashed. Even if true, this analysis is incomplete because it ignores the significance of the motion to set aside.

Barbara's January 28 motion to set aside stated as follows:

"Comes now BARBARA CORKELL, Respondent, and after being sworn upon her oath states as follows:

1. That she is a resident of Boulder City, Nevada.

2. That she contacted an attorney, MARIANNE WOOLBERT, regarding the above captioned matter and inquired about representation.

3. That she was informed by counsel that she needed to send all necessary papers and the retainer and when both these items were received, counsel would enter an appearance for representation.

4. That the Respondent made a good faith effort to get these items to counsel within sufficient time so that counsel would enter an appearance and move the Court to reset this hearing since Respondent was unable to attend.

5. That Respondent mailed these items by they were not received until after the hearing.

6. That Respondent possesses a good faith belief that this matter cannot be equally [sic] decided unless she is allowed to present evidence.

7. That she respectfully requests the Court set aside the Order of December 29, 1993 and allow her to present additional evidence to determining [sic] all issues.

WHEREFORE, the Respondent prays the Court grant this Motion to Set Aside Order of December 29, 1993, and Allow Respondent to Present Evidence, and for all just and proper relief in the premises." *Record* at 35–36.

Although not specifically so designated, the motion to set aside was in the nature of a T.R. 60(B) motion for relief from judgment or order and is governed by the provisions of T.R. 60. *See International Fidelity Ins. Co. v. State* (1992), Ind.App., 602 N.E.2d 160, *trans. denied.* T.R. 60 motions may be brought upon a claim of excusable neglect. *See* T.R. 60(B)(1). Barbara's motion to set aside was such a motion. Motions based upon a claim of excusable neglect must be filed not more than one year after the judgment. T.R. 60(B)(8). Therefore, the January 28 motion to set aside was timely. We now turn our attention to the motion to correct error.

■ According to T.R. 59, a motion to correct error is not mandatory except in two instances, neither of which is applicable in the instant case. A motion to correct error, whether mandatory or not, must be filed "not later than thirty [30] days after the entry of a final judgment or an appealable final order." T.R. 59(C). Denial of a T.R. 60 motion, such as Barbara's motion to set aside, is a final order. *International Fidelity, supra.* Barbara's motion was denied on April 6, thereby triggering the running of the 30–day period for filing a motion to correct error as to that ruling. Barbara filed a motion to correct error on April 24, well within the statutory period regarding denial of the motion to set aside.

■ The difficulty, however, is that the motion to correct error did not mention the motion to set aside. Although not explicitly addressing the point, Barbara seems to argue that the motion to correct error addressed both the modification order and the ruling on the motion to set aside, and therefore the ruling which triggered the running of the 30–day period for filing the motion to correct error was the later of the two rulings, i.e., the April 6 denial of the motion to set aside.[1] We observe, however, that the text of the motion to correct error alluded only to the modification order of December 29.[2] To the extent that the motion to correct error addressed the December 29 modification ruling, it was not timely filed and was properly dismissed upon that ground as to that ruling. We need not decide whether the motion to correct error preserved the right to appeal the denial of the motion to set aside because an appeal of that ruling was initiated in a timely fashion by means independent of the motion to correct error.

■ As stated previously, T.R. 59(A) provides that a motion to correct error is a prerequisite to appeal only in certain circumstances. When, as here, the filing of a motion to correct error is not mandatory, "[a]n appeal is initiated by filing with the clerk of the trial court a praecipe designating what is to be included in the record of the proceedings." App.R. 2(A). The praecipe must be filed within thirty days of the final order which is being appealed. *Id.*

■ On May 5, 1994, within thirty days of the denial of the motion to set aside, Corkell filed the following praecipe:

> "Comes now Respondent, BARBARA CORKELL, by counsel, and requests that the Court order the Clerk of the Court and/or the Court Reporter to prepare the transcript of evidence and the record of proceedings for the purpose of appeal." *Record* at 39.

The praecipe bore the caption appearing on all of the pleadings and motions in the instant case. Accordingly, the praecipe represented the initiation of an appeal of final orders rendered under that caption, including the modification order and the denial of the motion to set aside. Because the modification order was entered 127 days before the filing of the praecipe, the praecipe was not timely with regard to the modification order and that order may not be appealed. However, the praecipe was filed within thirty days of the April 6 denial of the motion to set aside, thus preserving the right to appeal that ruling. Therefore, for the purpose of appealing the April 6 ruling, the trial court erred in granting Eugene's motion to quash the praecipe.

Judgment reversed.

SULLIVAN and BARTEAU, JJ., concur.

1. "On April 6, 1994, the Court denied the Motion to Set Aside. Within 30 days of this final order, the Respondent filed a Motion to Correct Errors *and* a Praecipe for Appeal." Appellant's Brief at 4 (emphasis in original).

2. The motion to correct error reads as follows:
   "Comes nor BARBARA CORKELL, Respondent, by counsel MARIANNE WOOLBERT and hereby files with this Court her Motion to Correct Errors. *In support of this motion she* would show the Court as follows:
   1) That on December 29, 1993 a hearing was held on Petitioner's Motion to Modify.
   2) That Respondent who lives out of state was not able to attend and had ·attempted to hire counsel to represent her in this matter but had not formally done so at the time of hearing.

   3) That the Court entered a support order without Respondent being present and went on to give Petitioner credit for support that would have been paid since the time of divorce, despite the fact the decree clearly stated there was to be no support order. Further, the Court gave the Respondent's equity interest in the marital property to Petitioner to satisfy the back amount.
   4) That the Court erred in taking such actions.
   Wherefore the Respondent prays the Court grant this Motion to Correct Errors and void the order giving Petitioner Respondent's equity interest in the real estate and for all just and proper relief on [sic] the premises." *Record* at 3–4.