Eula JACKSON, Appellant–Petitioner,

v.

INDIANA FAMILY & SOCIAL SER-
VICES ADMINISTRATION, Division
of Family Resources, and Indiana De-
partment of Child Services, Appellees–
Respondents.

No. 29A02–0709–CV–824.

Court of Appeals of Indiana.

April 11, 2008.

Janice E. Smith, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Frances H. Barrow, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Eula Jackson appeals the trial court's dismissal of her petition for judicial review, which challenged the Indiana Family and Social Services Administration's ("FSSA") revocation of her child care home license, for failing to timely comply with the court's order to make a more definite

statement pursuant to Indiana Trial Rule 12(E). Because dismissal of a case for noncompliance with Trial Rule 12(E) is a harsh penalty that should be used only as a last resort and the facts of this case do not merit such a penalty, we conclude that the trial court abused its discretion in dismissing Jackson's petition for judicial review. We also find error because the trial court did not hold a hearing before dismissing this case. In addition, because a relevant law changed after the FSSA revoked Jackson's child care home license but before final disposition of Jackson's petition for judicial review and the new provision may control the outcome in this case, the new provision applies to Jackson and we order the trial court to remand this case to the FSSA with directions for that agency to conduct further factfinding on the issue of whether the substantiation of abuse against Jackson should be reversed. Finally, because the trial court dissolved its previously entered stay when it dismissed this case and we conclude that the trial court abused its discretion in dismissing this case, we reinstate the stay during the pendency of any further proceedings in this case.

### Facts and Procedural History

In 2005, Jackson operated a licensed daycare in her Noblesville, Indiana, home. In June 2005, Jackson hit her seventeen-year-old daughter J.C. across the buttocks with a belt.[1] Thereafter, on July 28, 2005, the Hamilton County Office of the FSSA's Division of Family Resources notified Jackson that her child care home license was being revoked due to a substantiated case of abuse or neglect involving J.C.[2] Jackson sought review of the revocation of her license by an Administrative Law Judge.

Following a hearing before an ALJ, the ALJ issued findings of fact and conclusions of law on August 2, 2006, affirming the revocation of Jackson's child care home license. Thereafter, Jackson sought agency review. On September 13, 2006, the Hearings and Appeals division of the FSSA issued a Notice of Final Agency Action affirming the ALJ's decision.

After exhausting her administrative remedies, on October 13, 2006, Jackson, by counsel, filed a Verified Petition for Judicial Review and a Verified Petition for Stay of Agency Decision in Hamilton Circuit Court. On October 17, 2006, the trial court stayed the agency action.

On October 26, 2006, the FSSA and the Indiana Department of Child Services ("DCS") (collectively, "the State") filed a motion for extension of time to respond to Jackson's petition for judicial review and a request for the trial court to reconsider the stay. On October 30, 2006, the court granted the State's motion for extension of time but did not rule on the State's request to reconsider the stay.

On November 1, 2006, Jackson filed a motion for extension of time to file the agency record because the Hearings and

---

1. Jackson admitted to these allegations. According to the Administrative Law Judge's findings of fact, "On June 20 2005 the appellant admitted to spanking [J.C.] on June 12, 2005 after she returned late (9:30 p.m.) from an open house. The appellant reported hitting [J.C.] four times with a belt." Appellant's App. p. 58. The ALJ also found that Jackson's daughter "had bruises and marks on her buttocks, legs and thighs." *Id.* at 57. A CHINS petition was filed but later dismissed because J.C. turned eighteen years old and Jackson completed the necessary services.

2. The Division of Family Resources relied upon 470 IAC 3–1.1–45(b), which provides, "A substantiated case of abuse or neglect in a child care home constitutes full and sufficient grounds for denial or revocation of the child care home license."

Appeals division of the FSSA said that it would take approximately ninety days to complete the record. The trial court granted the motion and gave Jackson until February 1, 2007, to file the agency record.[3]

On November 20, 2006, the State, pursuant to Indiana Trial Rule 12(E), filed a Motion for More Definite Statement, alleging that paragraph 6 of Jackson's petition for judicial review violated Indiana Trial Rule 8(E)(1)[4] because it was lengthy and contained "a mixture of factual allegations, legal argument, and legal conclusions." Appellant's App. p. 44. In its motion, the State requested that if Jackson did not provide a more definite statement within twenty days, then the trial court should strike the petition pursuant to Trial Rule 12(E).[5] On November 29, 2006, the court granted the State's motion. Specifically, the court ordered Jackson to "amend her Verified Petition for Judicial Review ('Petition') by providing a more definite statement with respect to paragraph 6 of the Petition in a manner and form that complies with Ind.T.R. 8(E)(1) within twenty (20) days of receiving this Order." *Id.* at 46. The court also ordered that if Jackson "fail[ed] to amend her Petition by providing a more definite statement in a manner and form that complies with Ind.T.R. 8(E)(1) by the *22* day of *Dec 2006*, that her Petition *shall be stricken from the Court's record.*" *Id.* at 46–47 (emphasis added).

According to Jackson, her counsel planned to personally file the amended petition in the Hamilton County Clerk's Office on the afternoon of Friday, December 22, 2006; however, counsel learned that the Clerk's Office had closed at noon on December 22 for the holidays. As an alternative, counsel faxed the amended petition to the Clerk's Office that afternoon. In addition, counsel mailed the amended petition to the Clerk's Office that same afternoon and obtained a Certificate of Mailing with a postmark of December 22. However, when the Clerk's Office reopened on Tuesday, December 26, it rejected Jackson's faxed amended petition because it exceeded ten pages in violation of the local rules. As for Jackson's mailed amended petition, although it was mailed on December 22, the Clerk's Office file-stamped it December 26 (the date it arrived in the Clerk's Office) because Jackson's Certificate of Mailing did not constitute registered or certified mailing, which Indiana Trial Rule 5(F)(3) requires.

On the following day, December 27, 2006, Jackson filed a Motion for Leave to File Belatedly Petitioner's Amended Verified Petition for Judicial Review. In this motion, counsel for Jackson stated:

> Counsel accepts full responsibility for failure to be informed of the controlling rules regarding the [maximum] of ten (10) pages for fax filing and the requirement to use certified mail to preserve a file mark date, and apologizes to the Court for her error. Counsel asks the Court to consider both her attempting to file timely by fax and her obtaining a Certificate of Mailing to show date of

---

3. Jackson filed the agency record on January 29, 2007.

4. Trial Rule 8(E)(1) provides in part, "Each averment of a pleading shall be simple, concise, and direct."

5. This rule is quoted in full later in the opinion. The relevant part of Trial Rule 12(E) provides,

> If the motion [for a more definite statement] is granted and the order of the court is not obeyed within twenty [20] days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

posting as good faith efforts to meet her deadline to file her amended petition. Counsel also asks the Court to consider the intervening Christmas holiday when comparing the due date to the file marked date.

*Id.* at 64–65. Also, counsel pointed out that the matter could not proceed until the agency record was completed, which had a due date of February 1, 2007. Counsel added that the prejudice to the State was minimal because the intervening days between the attempted filing and the actual filing consisted of a weekend and holiday. Accordingly, counsel asked the trial court to use its discretion to impose less drastic sanctions than dismissal.

On January 16, 2007, the State filed a Combined Motion to Dismiss and Objection to Petitioner's Motion to File Belatedly Petitioner's Amended Verified Petition for Judicial Review. Specifically, the State asked the trial court to dismiss the case pursuant to Indiana Trial Rule 12(B)(6) because, according to the court's November 29, 2006, order (which set a December 22, 2006, deadline and provided that if Jackson failed to amend her petition by then, it "shall be stricken from the Court's record"), Jackson's petition was automatically struck from the record and no longer existed. Therefore, the State's argument continued, the only petition before the court was the amended petition, which was filed beyond the time frame required by the Administrative Orders and Procedures Act, specifically Indiana Code § 4–21.5–5–5,[6] which meant that the court lacked jurisdiction over the matter. Jackson did not respond to the State's motion to dismiss, presumably because she was awaiting a ruling on her motion for leave to belatedly file her amended petition for judicial review.

In any event, on February 12, 2007, the trial court, without holding a hearing, issued the following order:

The Court ... now FINDS that it lacks jurisdiction over the judicial review because Petitioner, Eula Jackson ("Jackson") failed to timely comply with the statutorily mandated procedures that are conditions precedent for judicial review pursuant to Indiana Code 4–21.5–5–1, *et seq.*

The Court FURTHER FINDS that Jackson received Notice of Final Agency Action on September 14, 2006.

The Court FURTHER FINDS that this cause, Jackson's Verified Petition for Judicial Review, was disposed of as of December 23, 2006, pursuant to the Court's order, Order Granting Motion for More Definite Statement, dated November 29, 2006.

The Court FURTHER FINDS Jackson failed to timely file her petition requesting review of an agency action, specifically her Amended Verified Petition for Judicial Review filed December 26, 2006, failed to comply with the statute of limitations mandated by the Administrative Orders and Procedures Act, I.C. 4–21.5–5, *et seq.*

Accordingly, the Court FINDS that Jackson has failed to state a claim upon which relief may be granted because it does not have jurisdiction over this cause.

*Id.* at 108–09. The trial court dismissed the case with prejudice and dissolved the October 17, 2006, stay.

Jackson filed a Motion to Correct Errors on March 13, 2007, in which she ar-

---

6. Indiana Code § 4–21.5–5–5 provides, "Except as otherwise provided, a petition for review is timely only if it is filed within thirty (30) days after the date that notice of the agency action that is the subject of the petition for judicial review was served."

gued that the trial court erred in dismissing her petition for judicial review on the basis of lack of jurisdiction, erred in finding that her amended petition was not timely filed, erred in granting the State's motion for a more definite statement, and erred in failing to admit evidence outside the record. She also asked the court to reinstate the stay during the pendency of any appeal. Following a hearing, on July 25, 2007, the trial court issued extensive findings of fact and conclusions of law denying Jackson's motion to correct errors. Jackson now appeals.

### Discussion and Decision

■ Jackson raises six issues on appeal, which we condense and restate as three. First, she contends that the trial court erred in dismissing her petition for judicial review for noncompliance with Indiana Trial Rule 12(E). Second, she contends that the court erred in failing to admit evidence outside the record. Third, she contends that the court erred in dissolving the stay during the pendency of this appeal.[7]

### I. Dismissal of Petition for Judicial Review

■ Jackson contends that the trial court erred in dismissing her petition for judicial review for noncompliance with Indiana Trial Rule 12(E).[8] Trial Rule 12(E) provides:

If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reason-

ably be required to frame a responsive pleading, he may move for a more definite statement before interposing his responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within twenty [20] days after notice of the order or within such other time as the court may fix, the court *may* strike the pleading to which the motion was directed or make such order as it deems just.

(Emphasis added). It is apparent that Trial Rule 12(E) rule addresses two topics. First, it addresses when a motion for a more definite statement is appropriate and the contents of such a motion. Second, it addresses what could happen if a party does not timely comply with the court's order. The appellate courts of this state have had limited opportunities to substantively address either aspect of Trial Rule 12(E).

In one of the only cases addressing Trial Rule 12(E), *Yaksich v. Gastevich,* 440 N.E.2d 1138 (Ind.Ct.App.1982), *overruled in part on other grounds by McDillon v. N. Ind. Pub. Serv. Co.,* 841 N.E.2d 1148 (Ind.2006)—which neither party cites on appeal—the plaintiff filed a complaint alleging legal malpractice. The defendant then filed a motion for a more definite statement, which the trial court granted. Twenty-two days after the motion was granted, the court, without holding a hear-

---

7. Jackson also argues that the trial court erred in granting the State's motion for a more definite statement. As the trial court found, Jackson waived this issue because she did not object when the State filed this motion on November 20, 2006.

8. The State argues, and the trial court found, that Jackson waived this issue because she did not file a response to the State's motion to dismiss. We first note that the State does not cite any authority for the proposition that a

party must file a response to a motion to dismiss in order to be able to challenge the dismissal on appeal. Moreover, even though Jackson did not file a response to the State's motion to dismiss, she did file a Motion for Leave to File Belatedly Petitioner's Amended Verified Petition for Judicial Review, which addressed the same things that a response to the motion to dismiss would have. We therefore decline to find waiver on these facts.

ing, dismissed the plaintiff's complaint with prejudice for failure to amend. Because the pleading struck was the complaint, the striking of the pleading pursuant to Trial Rule 12(E) had the effect of dismissing the action. We concluded that in order to strike the complaint and thereby dismiss the case, a hearing was required under Indiana Trial Rule 41(E), which provides in part, "Whenever there has been a failure to comply with these rules ..., the court, on motion of a party or on its own motion shall order a hearing for the purpose of dismissing such case." *Id.* at 1140. We concluded that, although the plaintiff had failed to comply with Trial Rule 12(E), it was "reversible error" for the trial court to strike the complaint and dismiss the action without holding a hearing. *Id.* In other words, *Yaksich* determined that dismissals for noncompliance with Trial Rule 12(E) are for failure to comply with the rules and court orders pursuant to Trial Rule 41(E) and *not* for failure to state a claim for relief. *See Meyer v. Wolvos,* 707 N.E.2d 1029, 1032 (Ind.Ct.App.1999), *reh'g denied, trans. denied; Wilson v. Palmer,* 452 N.E.2d 426, 430 (Ind.Ct.App.1983) (stating "dismissal for noncompliance with T.R. 12(E) governed by T.R. 41(E)" and dismissal "is not for failure to state a claim for relief but for failure to comply with the rules and court orders thereunder").

Here, the trial court did not hold a hearing either before granting the State's motion for a more definite statement or before dismissing this case, which, according to *Yaksich,* constitutes reversible error. In addition to this error, we reverse the trial court on another ground, namely, abuse of discretion. The text of Trial Rule 12(E) plainly provides that a trial court has discretion to strike a pleading pursuant to Trial Rule 12(E). *See* Ind. Trial Rule 12(E) ("If the motion is granted and the order of the court is not obeyed within twenty [20] days after notice of the order

or within such other time as the court *may* fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.") (emphasis added). Although the appellate courts of this state have not expounded upon a trial court's discretion in imposing sanctions for noncompliance with Trial Rule 12(E), there is considerable authority addressing Federal Rule of Civil Procedure 12(e), which closely parallels our Trial Rule 12(E). The federal provision provides:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

Fed.R.Civ.P. 12(e). Because of the similarities between the rules, it is appropriate for us to turn to federal authority for guidance in this case. *See Crossroads Serv. Ctr., Inc. v. Coley,* 842 N.E.2d 822, 825 (Ind.Ct.App.2005), *reh'g denied, trans. denied.*

According to Federal Practice and Procedure, federal courts normally do not impose any sanction on a pleader for tardy compliance with a Rule 12(e) order unless a party raises a challenge to an amended pleading that has been filed late, "and even then, only if that party has been prejudiced by the delay, which usually will be quite difficult to demonstrate." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1379

(2008 Update) (footnote omitted). Federal Practice and Procedure continues:

> According to the text of Rule 12(e), if the district court's order is not complied with, it may "strike the pleading to which the motion was directed or make such order as it deems just." If the pleading to be stricken is the complaint, the sanction has the effect of a dismissal of the action, and some courts speak as if dismissal were the sanction actually being imposed. Both dismissal of the action and striking of the original pleading are properly viewed by most courts as harsh penalties that should be used only as a last resort. Thus, unless the moving party is prejudiced by the pleader's noncompliance, dismissal usually will not be granted.

* * * * *

> The language "such order as it deems just," in the text of Rule 12(e), permits a variety of sanctions that stand midway between the harsh course of dismissal and the relatively benign punishment of repeating the order for a more definite statement.

*Id.* (footnotes omitted).

■ We agree with this authority on Federal Rule of Civil Procedure 12(e) and therefore apply it to our Trial Rule 12(E). That is, although a trial court has discretion to impose a variety of sanctions for a party's failure to timely comply with a Trial Rule 12(E) order for a more definite statement, dismissal is a harsh penalty that should be used only as a last resort. Unless the moving party is prejudiced by the pleader's noncompliance, dismissal should not be granted.

■ According to the trial court's order, Jackson's amended petition for judicial review was due on Friday, December 22, 2006. Counsel for Jackson planned to per-

sonally file the amended petition in the Clerk's Office on the afternoon of December 22 but learned that it had closed at noon for the holidays. Counsel then faxed the amended petition to the Clerk's Office that afternoon, but the fax exceeded ten pages in violation of the local rules. Counsel also mailed the amended petition that same afternoon but obtained a Certificate of Mailing as opposed to sending it by certified mail. When the Clerk's Office reopened after the holidays on Tuesday, December 26, it rejected the faxed amended petition and file-stamped the mailed amended petition December 26. It is worth noting that no business days passed between Jackson's attempted filing and the actual filing, and the record reflects that the State received a copy of the amended petition on December 27. *See* Appellant's App. p. 68. Under these facts, notably the early closing of the Clerk's Office for the holidays on the due date of the amended petition and counsel's efforts to obtain a filing date for that day, dismissal of the case is simply too harsh a penalty. Moreover, the State can point to no prejudice resulting from the delayed filing of Jackson's amended petition, especially in light of the fact that the agency record was not yet filed. As such, we conclude that the trial court abused its discretion in dismissing the case for Jackson's failure to timely comply with the court's Trial Rule 12(E) order. We therefore remand this case with instructions for the court to reinstate this case and show Jackson's amended petition for judicial review as timely filed.

## II. Admission of Evidence Outside the Agency Record

■ We next address Jackson's argument that the trial court erred in refusing to consider evidence outside the agency record. Generally, judicial review of an agency action is confined to the agency

record. Ind.Code § 4–21.5–5–11. However-
er, Indiana Code § 4–21.5–5–12 provides:

   (a) The court may receive evidence, in
   addition to that contained in the agency
   record for judicial review, only if it re-
   lates to the validity of the agency action
   at the time it was taken and is needed to
   decide disputed issues regarding one (1)
   or both of the following:

      (1) Improper constitution as a deci-
      sion-making body or grounds for dis-
      qualification of those taking the agen-
      cy action.

      (2) Unlawfulness of procedure or of
      decision-making process.

   This subsection applies only if the addi-
   tional evidence could not, by due dili-
   gence, have been discovered and raised
   in the administrative proceeding giving
   rise to a proceeding for judicial review.

   (b) The court may remand a matter to
   the agency before final disposition of a
   petition for review with directions that
   the agency conduct further factfinding
   or that the agency prepare an adequate
   record, if:

      (1) the agency failed to prepare or
      preserve an adequate record;

      (2) the agency improperly excluded or
      omitted evidence from the record; or

      *(3) a relevant law changed after the
      agency action and the court deter-
      mines that the new provision of law
      may control the outcome.*

(Emphasis added).

At the hearing on Jackson's motion to
correct errors, counsel for Jackson out-
lined the following evidence that she want-
ed the trial court to consider: (1) after
Jackson's license was revoked, the DCS
adopted a new policy allowing child care
workers to appeal a substantiated finding

of abuse, *see* Appellant's App. p. 140, and
(2) J.C. said that although Jackson did hit
her with a belt, Jackson did not cause the
marks on her legs and thighs. Instead,
they were caused by J.C.'s then-boyfriend.
This evidence, however, does not meet the
narrow requirements of subsection (a)(1)
or (2) for a trial court to receive evidence
outside the agency record.

■ As for subsection (b), it provides
that the trial court may remand the matter
to the agency before final disposition of a
petition for judicial review with directions
for that agency to conduct further factfind-
ing if a relevant law changed after the
agency action and the court determines
that the new provision of law may control
the outcome. Thus, Indiana Code § 4–
21.5–5–12(b) presumes that a relevant law
change that occurs after the agency action
but before final disposition of a petition for
judicial review applies to the person seek-
ing judicial review. Jackson alleges that
the DCS adopted a new policy effective
October 15, 2006, which added a due pro-
cess provision allowing child care workers
to challenge the agency's substantiation of
abuse. This new policy may, indeed, be
controlling because it is the DCS's sub-
stantiation of abuse involving J.C. that led
to the revocation of Jackson's child care
home license. Because the DCS's new
policy became effective after the FSSA
revoked Jackson's license but before final
disposition of Jackson's petition for judicial
review, Jackson receives the benefit of this
new policy. Accordingly, we order the
trial court to remand this case to the
FSSA with directions for that agency to
conduct further factfinding on the issue of
whether the DCS's substantiation of abuse
involving J.C. should be reversed.[9]

---

9. On appeal, Jackson cites Indiana Code § 4–
   21.5–5–10, which provides that "[a] person
   may obtain judicial review of an issue that

was not raised before the agency, only to the
extent that … the interests of justice would
be served by judicial resolution of an issue

### III. Stay

 Finally, Jackson contends that the trial court erred in dissolving the stay when it dismissed this case. Under Indiana Code § 4–21.5–5–9, a trial court may stay an agency action which revokes or suspends a license pending judicial review of the action if "the court finds that the petition for review and the petition for a stay order show a reasonable probability that the order or determination appealed from is invalid or illegal" and a bond is filed. Ind.Code § 4–21.5–5–9(a). The stay is effective "during the period of the review and any appeal from the review and until the review is finally determined, unless otherwise ordered by the court granting the stay." I.C. § 4–21.5–5–9(b). Thus, it is within the trial court's discretion to stay an agency action and to determine the length of any stay. A stay pending judicial review is in the nature of an equitable remedy since it preserves the status quo to avoid undue hardship. *Med. Licensing Bd. of Ind. v. Provisor*, 678 N.E.2d 814, 820 (Ind.Ct.App.1997), *reh'g denied.*

Here, the trial court granted a stay in this case on October 17, 2006.[10] However, in its February 12, 2007, order dismissing this case, the court dissolved the stay. In her motion to correct errors, Jackson requested the court to "reinstate its order to stay the agency's decision until all of [her] avenues of appeal avenues [sic] have been exhausted." Appellant's App. p. 130. In its order denying Jackson's motion to correct errors, the trial court concluded:

19. Based upon Jackson's own admissions, and the ALJ's finding of injuries and that Indiana Department of Child Services ("IDCS") substantiated abuse against Jackson, this Court concludes that had Jackson proceeded to the merits of this case, she would have a poor chance of proving that the ALJ's determination she appealed from is invalid or illegal.

20. To allow Jackson to continue to maintain a child care home license by staying the State's final order is against the public's interest, which is represented by the State, because it places other minor children at risk of being injured by her.

*Id.* at 178.

Although the trial court dissolved its previously entered stay when dismissing the action, we determined above that the court abused its discretion when dismissing the action. In addition, when dissolving the stay, the trial court did not take into consideration the additional evidence involving the incident with J.C. Accordingly, we conclude that the trial court abused its discretion when dissolving the stay upon dismissal of this case.

Reversed and remanded.

SHARPNACK, J., and BARNES, J., concur.

---

arising from a change in controlling law occurring after the agency action." Because section 10 governs issues not raised before the agency and Jackson's actual issue is evidence not in the agency record, we analyze this issue under section 12.

**10.** The trial court's order granting the stay provides, "The Court finds that said agency decision for the revocation of Petitioner's child home care [sic] license should be and is hereby stayed through the pendency of judicial review proceedings and any appeal from the review until the review is finally determined." Appellant's App. p. 21.