## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 04 2015, 8:21 am

*Kevin S. Smith*

**CLERK**
of the supreme court, court of appeals and tax court

ATTORNEY FOR APPELLANT

Andrea L. Ciobanu
Alex Beeman
Ciobanu Law, P.C.
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Eric J. Benner
Laurie D. Johnson
Richards, Boje, Pickering, Benner & Becker
Noblesville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jeffrey T. Gorham,

*Appellant-Respondent,*

v.

Dana E. Downing f/k/a Dana E. Gorham,

*Appellee-Petitioner*

June 4, 2015

Court of Appeals Case No.
29A02-1411-DR-803

Appeal from the Hamilton Superior Court
The Honorable Daniel Pfleging, Judge
Cause No. 29D02-1304-DR-3785

**Bailey, Judge.**

# Case Summary

[1] Jeffrey T. Gorham ("Husband") and Dana E. Downing ("Wife") were divorced in 2014, and the trial court entered a property distribution order. Husband now appeals the trial court's denial of his motion to correct error as untimely filed.

[2] We affirm.

# Issues

[3] Husband presents two issues for our review, whether the trial court abused its discretion when it denied his motion to correct error because:

1. His e-mail submission of the motion was proper and timely; and
2. His U.S. mail-based filing of the motion was in substantial compliance with the Indiana Trial Rules.

# Facts and Procedural History

[4] Husband and Wife were wed on December 19, 2009. On April 24, 2013, Wife filed a petition to dissolve the marriage.

[5] A final hearing prior to the trial court's property distribution order was held on July 14, 2014. The court requested that the parties submit by e-mail their proposed property distribution orders.

[6] On September 15, 2014, the trial court entered its property distribution order and final decree.

[7] On October 14, 2014, Husband served his motion to correct error upon Wife. Also on October 14, Husband emailed his motion to correct error to the court reporter for the trial court. Husband requested that the court reporter forward the motion to the trial court; the court reporter responded to Husband via email to confirm that she had received and forwarded the motion.

[8] On October 15, 2014, Husband mailed a copy of the motion to correct error via regular mail, and obtained a Certificate of Mailing from the U.S. Postal Service.

[9] On November 17, 2014, the trial court denied Husband's motion. Handwritten on the order was the statement, "Respondent [Husband] is informed that a court reporter's duties do not include filing pleadings. That is the province of the Clerk." App'x at 48.

[10] This appeal ensued.

# Discussion and Decision

## Legal Standard

[11] Husband appeals the trial court's denial of his motion to correct error. Our standard of review in such cases is well settled. We review a trial court's ruling on a motion to correct error for an abuse of discretion. *Carter-McMahon v. McMahon*, 815 N.E.2d 170, 174 (Ind. Ct. App. 2004). An abuse of discretion occurs when the trial court's decision is contrary to the facts and circumstances before it and the inferences therefrom that support the decision, or when the court errs on a question of law. *Id.*

[12] On appeal, Husband contends that his motion to correct error was timely filed. Trial Rule 59 sets forth the requirements for timely submission of a motion to correct error. Specifically, Rule 59 provides that "The motion to correct error, if any, shall be filed not later than thirty (30) days after the entry of a final judgment is noted in the Chronological Case Summary." Ind. Trial Rule 59(C). The rule also provides that "a copy of the motion to correct error shall be served, when filed, upon the judge before whom the case is pending pursuant to Trial Rule 5." *Id.*

[13] The thirty-day limit imposed by Rule 59(C) is not subject to enlargement by Trial Rule 6, which governs enlargement of time for items sent by mail. *Carter-McMahon*, 815 N.E.2d at 174-78. This is so because the three-day enlargement of time is applicable to deadlines "triggered by the receipt of service or notice." *McDillon v. NIPSCO*, 841 N.E.2d 1148, 1151 (Ind. 2006) (citing, *inter alia*, *Carter-McMahon*, 815 N.E.2d at 174-78). Thus, the enlargement of time in Rule 6(E)

> applies only when a party has a right or is required to do some act within a prescribed period after the service of a notice or other paper. It does not apply to extend periods that are triggered by the mere entry of the order or the happening of an event other than the service of notice or other paper.

*Id.* at 1152. In this appeal, Husband acknowledges the effect of Rule 6(E), but contends that he has satisfied its requirements.

## Motion to Dismiss

[14] As a preliminary matter, we address Wife's motion before this Court to dismiss Father's appeal.

[15] Mother filed a motion to dismiss Father's appeal for want of jurisdiction, and directs our attention to a number of cases in which absence of a timely-filed motion to correct error court deprived our appellate courts of jurisdiction to review a trial court's ruling on the motion. The cases upon which Mother relies depend upon the stated premise that "'late filing being jurisdictional, th[e] court has not right or authority to consider any errors attempted to be raised in the untimely motion to correct errors.'" *Kratkoczki v. Regan*, 178 Ind. App. 184, 186, 381 N.E.2d 1077, 1079 (1978) (quoting *Brunner v. Terman*, 150 Ind. App. 139, 148, 275 N.E.2d 553, 559 (1971)).

[16] *Kratkoczki* and similar cases are readily distinguished from Husband's appeal here. Those cases involve appeals challenging the merits of the denial of a motion to correct error. Here, Husband does not address the underlying merits of the motion to correct error. Rather, he contends that the trial court abused its discretion on a question of timeliness and proper filing of the motion. That is, Husband raises the question of the trial court's ability to rule on the motion itself. Husband's appeal is not barred.

## Email Filing

[17] Turning to Husband's issues on appeal, we address first his contention that the trial court abused its discretion because Husband submitted his motion to correct error to the court reporter, who in turn agreed to submit the motion electronically to the trial court judge. Husband advances two arguments. First, Husband argues that because the trial court had previously accepted filings

submitted to the court reporter by email, submission of the motion to correct error by email satisfied the filing requirements of our Trial Rules. Second, Husband argues that even if email submission to the court reporter was not permitted here, the email submission also constituted a facsimile transmission under Indiana Administrative Rule 12.

[18] The filing of motions and pleadings with the trial court is governed by Trial Rule 5(F):

> The filing of pleadings, motions, and other papers with the court as required by these rules shall be made by one of the following methods:
>
> (1) Delivery to the clerk of the court;
>
> (2) Sending by electronic transmission under the procedure adopted pursuant to Administrative Rule 12;
>
> (3) Mailing to the clerk by registered, certified or express mail return receipt requested;
>
> (4) Depositing with any third-party commercial carrier for delivery to the clerk within three (3) calendar days, cost prepaid, properly addressed;
>
> (5) If the court so permits, filing with the judge, in which event the judge shall note thereon the filing date and forthwith transmit them to the office of the clerk; or
>
> (6) Electronic filing, as approved by the Division of State Court Administration pursuant to Administrative Rule 16.

Thus, our trial rules provide for a number of means for filing of motions and pleadings with our trial courts, and the trial court is afforded with discretion to permit filing of documents directly with the court rather than with the clerk of the court.

[19] Husband contends that because the trial court directed the parties to submit proposed decrees for dissolution of the marriage to the court reporter, the court necessarily permitted all subsequent filings to be made with the court reporter. Husband's argument here relies upon—but does not directly cite—a very expansive reading of Trial Rule 5(F)(5). The relevant discussion between the trial court and the parties was:

> THE COURT: […] The court takes the issuance of the decree under advisement. The parties are to provide the Court with proposed decrees within—ten days to[o] quick or can you get it done in ten days?
>
> [The parties agree that they can submit proposed decrees within ten days]
>
> THE COURT: Okay. And *those* will be emailed to K.C., my court reporter.

Tr. at 3-4 (emphasis added).

[20] This exchange between the trial court and the parties is clear. The court permitted the parties to submit proposed decrees, but the permission given was not broader: "those" in the trial court's statement referred specifically to the proposed decrees, not to subsequent filings of the parties. The trial court exercised its discretion to permit filing directly with the court (through the court reporter) only in the limited instance of a set of proposed decrees. Our review of the record makes it clear that no further leeway was given. And while Husband directs us generally to the concept of estoppel, he fails to articulate any basis upon which the trial court may be estopped from recognizing a means

of filing motions that the court expressly extended to the parties for a limited purpose.

[21] Husband's second contention is that his email submission to the court reporter is the same as a facsimile transmission, and thus the motion to correct error was properly filed. Indiana Administrative Rule 12(A)(2) defines a facsimile transmission, "commonly referred to as 'FAX,'" to mean "a method of transmitting and receiving information in paper medium over telephone lines or other forms of electronic communications." "During normal, posted business hours, the time of filing shall be the time the duplicate document is produced in the office of the Clerk of the Circuit Court. Duplicate documents received at all other times shall be filed as of the next normal business day." Admin. R. 12(C). A cover sheet is required of all facsimile transmissions, Admin. R. 12(D), and trial courts are required to comply with specific standards for facsimile transmission equipment. Admin. R. 12(F).

[22] Husband argues that "facsimile transmission includes more than just a typical fax, but includes other methods 'of transmitting and receiving information in paper medium over telephone lines or other forms of electronic transmissions.'" Appellant's Br. at 12 (quoting Admin. R. 12(A)(2)). Husband reaches the conclusion that because the court reporter accepted his emailed motion to correct error at 4:26 p.m. on October 14, 2014—that is, during business hours on the last day for filing the motion to correct error—and because his email was the equivalent of a facsimile transmission, the motion was timely filed by fax

during court business hours. Husband suggests that this is the necessary effect of the plain language of the rule.

[23] We disagree. A complete, plain-language reading of Administrative Rule 12 makes clear that the rule contemplates specifically the electronic transmission of documents to standards-compliant facsimile machines operated within the office of the Clerk of the Court. Husband did not send such a transmission. Rather, he sent an email—not a facsimile transmission—to a court reporter. These are not the same, a fact driven home further by the express provision for separate forms of electronic filing of motions and pleadings. *See* T.R. 5(F)(6) & Admin. R. 16.

[24] We accordingly find no abuse of discretion in the trial court's conclusion that Husband's emailed motion to correct error was not properly filed.

## Substantial Compliance

[25] As an alternative to the argument that his email to a court reporter constituted proper and timely filing of the motion to correct error, Husband argues that he substantially complied with the rules for filing motions by mail, and that in any case denial of the motion to correct error as untimely is, under the circumstances, "too harsh of a penalty." Appellant's Br. at 14.

[26] Trial Rule 5(F)(3) permits filing by "registered, certified or express mail return receipt requested." Rule 5(F) further provides that "[f]iling by registered or certified mail and by third-party commercial carrier shall be complete upon mailing or deposit," and that "[a]ny party filing any paper by any other method

than personal delivery to the clerk shall retain proof of filing." Thus, the language of the rule differentiates between registered or certified mail and third-party commercial carrier, on the one hand, and *all other* forms of filing not done in person, on the other. Only the former three are regarded as having been filed upon mailing or deposit with a carrier.

[27] Here, Husband filed his motion to correct error by mail. In an email to the court reporter for the trial court, on October 14, 2014, Husband's counsel stated, "We are submitting a Notice to the Court and Motion to Correct by email. Hard Copy is in the US Mail/ Certified." App'x at 33. The motion was mailed on October 15, 2014, but was not sent by certified mail. Rather, counsel for Husband obtained a Certificate of Mailing for an item that appears otherwise to have been placed into the mail with a regular form of postage. App'x at 36. Husband acknowledges that certified mail and a Certificate of Mailing are not the same, but contends that the distinction is "purely an argument of semantics," because the purpose of both certified mail and a Certificate of Mailing is to "prove the mailing date." Appellant's Br. at 14.

[28] Husband's argument, while creative, misses the mark. Our supreme court has, in the context of the prison mailbox rule in post-conviction relief litigation, previously addressed the timeliness of such filings in the context of Rule 5(F), and the distinctions of registered mail, certified mail, and third-party carrier vis-à-vis other forms of mailing:

> The gist of this is that when a party transmits by an independently verifiable means (like registered mail or third-party carrier), the filing is

deemed to have occurred upon mailing or deposit. When other means are used, filing occurs on the date the filing is in the hands of the clerk. The principle of the mailbox rule has been applied under Rule 5 only when the court is satisfied that the prisoner had employed certified mail, return receipt requested, and deposited his mailing in the institutional mail pouch by or before the filing deadline, notwithstanding the fact that the postmark reflected a date after the deadline.

*Dowell v. State*, 922 N.E.2d 605, 609 (Ind. 2010).

[29] Unlike certified mail, then, a Certificate of Mailing is not "an independently verifiable means" of mailing. *Id.* Indeed, taking judicial notice[1] of the advisements provided by the U.S. Postal Service to its customers, postal customers who purchase a Certificate of Mailing are told, "Don't lose your certificate. The Postal Service® does not keep a copy." U.S. Postal Service, https://www.usps.com/ship/insurance-extra-services.htm (retrieved May 12, 2015). Certified mail, however, permits tracking of delivery history and attempts to deliver, which can be obtained independently of the litigant, that is, directly from the U.S. Postal Service. *Id.*

[30] Husband's contention that certified mail and a certificate of mailing are distinctions without differences is not well founded. We do not agree with Husband that he substantially complied with Rule 5(F)(3). Husband's motion

---

[1] Our rules of evidence permit this Court to *sua sponte* take judicial notice of facts. Ind. Evidence Rule 201(c)(1). Such facts must be "not subject to reasonable dispute" because they are widely known, or must "be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Evid. R. 201(a)(1)(A) & (B). U.S. Postal Service distinctions among widely-used forms of mailing and mailing verification are squarely within such facts.

to correct error was not timely because his choice of service—regular postage with a Certificate of Mailing—is not among those deemed subject to independent verification.

[31] Nevertheless, Husband contends that his late filing should be excused because the penalty is too harsh. Husband directs us to *Jackson v. Ind. Family & Social Servs. Admin.*, 884 N.E.2d 284 (Ind. Ct. App. 2008), in which this Court concluded that dismissal of a case pending amendment of a petition for judicial review was an abuse of discretion after Jackson obtained a Certificate of Mailing instead of using certified mail. *Id.* at 291. In *Jackson*, the specific question related to dismissal of a petition for judicial review after the trial court had ordered Jackson to provide a more definite statement under Trial Rule 12(E). *Id.* at 290. Surveying applicable state and federal case law concerning the construction of Rule 12(E), this Court concluded that where the text of the trial rule expressly afforded discretion to the trial court to make "such order as it deems just," and afforded "a variety of sanctions for a party's failure to timely comply," striking a pleading and dismissing a case was too harsh a sanction. *Id.* at 291 (citing T.R. 12(E); 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1379 (2008 Update)).

[32] Here, the trial court is not afforded discretion. Unlike the permissive language of Trial Rule 12(E), Trial Rule 59 is clear that a motion to correct error "*shall be filed not later than* thirty (30) days after the entry of a final judgment." T.R. 59(C). Indeed, the fixed nature of this timeframe is such that the trial court may not upon motion enlarge the time to file a motion to correct error under

Rule 59. *Waas v. Ill. Farmers Ins. Co.*, 722 N.E.2d 861, 863 (Ind. Ct. App. 2000). We accordingly find no basis from which the trial court need have—nor, indeed, could have within its discretion—deemed as timely filed Husband's motion to correct error.

# Conclusion

[33] Husband did not properly file his motion to correct error when he transmitted it via email to a court reporter for forwarding to the trial judge. Husband's mailed motion to correct error was not timely filed, and the trial court was without discretion to regard the motion as timely.

[34] Affirmed.

Riley, J., and Barnes, J., concur.