APPELLANT PRO SE
Regunal Dowell
Carlisle, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Ann L. Goodwin
Deputy Attorney General
Indianapolis, Indiana



FILED
Mar 10 2010, 2:09 pm

CLERK
of the supreme court,
court of appeals and
tax court

## In the
## Indiana Supreme Court

No. 32S01–1003–PC–136

REGUNAL DOWELL,

*Appellant (Petitioner below),*

v.

STATE OF INDIANA,

*Appellee (Respondent below).*

Appeal from the Hendricks Superior Court, No. 32D01-0801-PC-1
The Honorable Robert W. Freese, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 32A01-0810-PC-508

**March 10, 2010**

**Shepard, Chief Justice.**

A good many jurisdictions employ the "prison mailbox rule" to determine whether court filings made by prisoners are timely. Indiana has regularly used this approach as respects filings governed by its appellate rules, recognizing the unique position of pro se prisoners, though we apparently have never expressly adopted the prison mailbox rule. We do so today, still obliging the litigant provide reasonable, legitimate, and verifiable documentation. Appellant Regunal

Dowell's timing problem, however, does not center on a tardy filing under the appellate rules but rather on his attempt to file a motion to correct error under the trial rules.

**Facts and Procedural History**

Dowell was convicted in 2006 on three counts of rape, one count of criminal deviate conduct, and one of confinement. The Court of Appeals affirmed Dowell's convictions and sentence on direct appeal. Dowell v. State, 865 N.E.2d 1059 (Ind. Ct. App. 2007). We granted transfer and issued a per curiam decision to resolve a discrepancy between the trial court's sentencing order and its oral declarations, but otherwise summarily affirmed in all respects. Dowell v. State, 873 N.E.2d 59 (Ind. 2007).

Dowell filed a pro se petition for post-conviction relief on November 29, 2007. The post-conviction court held a hearing on Dowell's petition on April 9, 2008. During the hearing, Dowell said that he needed copies of his trial transcript to amend his petition. The court gave him until May 23, 2008, to amend his petition or request more time. Dowell received a copy of his trial transcript on April 25, 2008, but he did not amend his petition.

On July 7, 2008, the post-conviction court denied Dowell's petition without a further hearing. Dowell says he placed a motion to correct error in the Wabash Valley Correctional Facility mail system on August 6, 2008, thirty days later. (App. at 16.) On August 8, 2008, the thirty-second day, Dowell's motion to correct error was file–stamped by the Clerk of the Hendricks County courts. (App. 3, 11.) The post-conviction court denied Dowell's motion on September 9, 2008. (App. 3, 6.)

Dowell, still pro se, filed a notice of appeal on March 6, 2009. (Appellant's Br. at 1–10.) The State cross-appealed on March 27, 2009, asking that Dowell's appeal be dismissed because his motion to correct error was not timely filed. The Court of Appeals held that Dowell's pro se motion to correct error filed while he was incarcerated was timely, invoking the prison mailbox rule. Dowell v. State, 908 N.E.2d 643, 648 (Ind. Ct. App. 2009). It therefore examined the

merits of Dowell's underlying ineffective assistance claim and concluded that the post-conviction court did not err in denying his petition without a hearing in accordance with Post-Conviction Rule 1(4)(f). Id. at 649. The Court of Appeals thus affirmed the post-conviction court.

Dowell petitioned for transfer asserting the Court of Appeals failed to properly address his claims. The State likewise petitioned for transfer, asserting the Court of Appeals impermissibly expanded the scope of Trial Rule 5(F) and that, "[t]his Court's policy appears to have disfavored the prison mailbox rule." (Appellee's Pet. Transfer at 4, 6.) We grant transfer to address the application of the prison mailbox rule.

## I. Origins of the "Prison Mailbox Rule"

The prison mailbox rule was a prominent contribution at the end of Justice William Brennan's long career. Interpreting the Federal Rules of Appellate Procedure, the U.S. Supreme Court held that a pro se incarcerated litigant who delivers a notice of appeal to prison officials for mailing on or before its due date accomplishes a timely filing. Houston v. Lack, 487 U.S. 266 (1988). Justice Brennan noted that neither the applicable statute, 28 U.S.C. § 2107, nor the appellate rules, contained a definition of "filing" for purposes of initiating an appeal and concluded that multiple policy grounds militated in favor of treating prisoner filings more liberally than those of civil litigants generally. Id. at 272–73. His opinion for the Court said, for example, "Unlike other litigants, pro se prisoners cannot personally travel to the courthouse to see that the notice is stamped 'filed' or to establish the date on which the court received the notice. Other litigants may choose to entrust their appeals to the vagaries of the mail and the clerk's process for stamping incoming papers, but only the pro se prisoner is forced to do so by his situation." Id. at 271.

Like the Federal Rules of Appellate Procedure at the time of the Houston decision, the Indiana Rules of Appellate Procedure do not provide for the prison mailbox rule. Compare Fed.

3

Rule App. Proc. 3(a) (1991) ("An appeal permitted by law as of right from a district court to a court of appeals shall be taken by filing a notice of appeal with the clerk of the district court"), with Indiana App. Rule 9(A) ("A party initiates an appeal by filing a Notice of Appeal with the trial court clerk . . . ."). Thus, regarding the <u>Houston</u> Court's observations about <u>pro se</u> prisoner filings as persuasive, this Court has regularly applied the prison mailbox rule in various orders. The Court of Appeals has likewise held that the appellate rules operate to date the filing of a notice of appeal by reference to a proven date of mailing. <u>Marlett v. State</u>, 878 N.E.2d 860, 864 (Ind. Ct. App. 2007). We now make explicit the rule as applied in our previous orders.

## II. Evidence of Mailing

Our practice has required a <u>pro se</u> prisoner to provide reasonable, legitimate, and verifiable documentation supporting a claim that a document was timely submitted to prison officials for mailing.[1]

For example, in the appeal of one Robert Johnson, we issued an order granting transfer and remanding to the Court of Appeals based on the mailbox rule. Johnson provided copies of a "Legal Mail Log," an affidavit from a person identifying himself as a "law librarian" and the prisoner's own affidavit. We concluded that this evidence taken as a whole created a presumption that the prisoner functionally filed his documents on time. <u>Johnson v. State</u>, No. 02S05-0311-PC-582, order (Ind. Nov. 25, 2003). The Court of Appeals later issued a memorandum decision in his case. <u>Johnson v. State</u>, No. 02A05-0305-PC-233, memorandum op. (Ind. Ct. App. Nov. 16, 2004).

---

[1] After <u>Houston v. Lack</u>, the Federal Rules of Appellate Procedure were amended to recognize the prison mailbox rule and to reflect limits on its application. <u>See</u> <u>United States v. Craig</u>, 368 F.3d 738, 740 (7th Cir. 2004). The changes required prisoners to utilize the legal mail system, if available, and to provide a verified statement setting forth the date of deposit and stating that first-class postage had been prepaid. Fed. R. App. P. 4(c)(1). These changes were presumably designed to combat potential abuse.

We took the same approach as regards a different step in the processes governed by the appellate rules. A record of proceedings is considered as having been filed when it is deposited in the United States mail. App. R. 12 (C) (1999). When appellant Julius C. Scott sent the record in his case, its postmark was one day late, and our clerk would not permit it to be filed. Scott thereafter tendered various proofs demonstrating that he had in fact submitted the record of proceedings to a prison employee for mailing on the due date for filing but that prison officials had not actually mailed the record until the next day. Scott provided an affidavit from the prison employee verifying that Scott presented the record to her on the date it was due but that she did not mail the record until the next day. We concluded that the delay in mailing was not due to any lack of diligence on Scott's part and that his filing would be considered timely. Scott v. State, No. 36A04-9911-PC-485, order (Ind. Sept. 5, 2000).

Where a prisoner's proof is lacking, however, the opposite result obtains.

Appellant Chris Naquin did file his record on time. He then faced the deadline for filing his brief. He received two extensions of time from the Court of Appeals and then asked for a third extension. He was turned down and sought relief here.

In making his argument to us, he claimed that the institution in which he was incarcerated was under lockdown conditions for substantial periods during the time allotted for his briefing. In particular, he claimed that he was scheduled to go to the prison library to finalize his brief four days before it was due but that another lockdown occurred. Naquin did not produce any documentary support for these claims. We agreed with the Court of Appeals that he had not complied with the appellate rules and that his appeal could not go forward. Naquin v. State, No. 27A02-0008-PC-557, order (Ind. Jan. 9, 2002).

A similar result occurred when appellant Antonio Carney sought to file a petition to transfer, supplying his own verified motion that he had delivered it to prison officials for mailing on the final day. Carney did not enclose any documentation that tended to support this assertion, and we denied his motion. Carney v. State, No. 49A02-0802-CR-138, order (Ind. Jan. 15, 2009).

5

If the question of Dowell's timeliness were covered by the appellate rules, we would agree with the State that Dowell has not any verifiable documentation. Dowell never claims in his own affidavit that he deposited his motion to correct error with prison authorities on or before August 6, 2008. Dowell does provide the affidavit of fellow prisoner James Franklin, who according to Dowell "volunteered to help keep the law library afloat until the law clerks were off lockdown." (App. at 15.) As our examples above suggest, this is not a sufficiently reliable ground on which a presumption of timeliness can rest.

### III. Timing for Motions to Correct Error Is Different

The State's cross-appeal does not take issue with any of Dowell's filings governed by the appellate rules. Rather, the State argues that the appeal should be dismissed because Dowell's motion to correct error was untimely.

The Indiana Rules of Trial Procedure require that a motion to correct error be filed within thirty days after the entry of a final judgment. Ind. Trial Rule 59(C). As the Attorney General points out, the trial rules define with some particularity what constitutes filing and when filings are deemed to have occurred, depending on the mode of delivery:

> (F) **Filing With the Court Defined.** The filing of pleadings, motions, and other papers with the court as required by these rules shall be made by one of the following methods:
> (1) Delivery to the clerk of the court;
> (2) Sending by electronic transmission under the procedure adopted pursuant to Administrative Rule 12;
> (3) Mailing to the clerk by registered, certified or express mail return receipt requested;
> (4) Depositing with any third-party commercial carrier for delivery to the clerk within three (3) calendar days, cost prepaid, properly addressed;

(5) If the court so permits, filing with the judge, in which event the judge shall note thereon the filing date and forthwith transmit them to the office of the clerk; or
(6) Electronic filing, as approved by the Division of State Court Administration pursuant to Administrative Rule 16.

Filing by registered or certified mail and by third-party commercial carrier shall be complete upon mailing or deposit[.]

Any party filing any paper by any method other than personal delivery to the clerk shall retain proof of filing.

T.R. 5(F).

The gist of this is that when a party transmits by an independently verifiable means (like registered mail or third-party carrier), the filing is deemed to have occurred upon mailing or deposit. When other means are used, filing occurs on the date the filing is in the hands of the clerk. Indianapolis Mach. Co. v. Bollman, 167 Ind. App. 596, 339 N.E.2d 312 (1976). The principle of the mailbox rule has been applied under Rule 5 only when the court is satisfied that the prisoner had employed certified mail, return receipt requested, and deposited his mailing in the institutional mail pouch by or before the filing deadline, notwithstanding the fact that the postmark reflected a date after the deadline. Cooper v. State, 714 N.E.2d 689 (Ind. Ct. App. 1999); Baker v. State, 505 N.E.2d 498 (Ind. Ct. App. 1987).

Dowell used regular mail, perhaps tendering it on the last possible day. The trial court clerk thus appropriately date-stamped it on the day when it arrived in the clerk's office, two days after the filing deadline.

When a motion to correct error is not timely filed, the right to appeal is not preserved. Goodman v. State, 581 N.E.2d 1259 (Ind. Ct. App. 1991) (appeal dismissed after trial court wrongly purported to grant an extension); Dixon v. State, 566 N.E.2d 594, 596 (Ind. Ct. App. 1991) ("if an appellant files a motion to correct error that is not mandatory under the rules, the motion must be filed within thirty (30) days after the judgment in order to preserve the appellant's right to an appeal of all issues"); Corkell v. Corkell, 653 N.E.2d 998 (Ind. Ct. App.

1995) (untimely motion to correct error forfeits opportunity for appeal of issues to which it is addressed).

## Conclusion

The appeal is dismissed.

Dickson, Sullivan, Boehm, and Rucker, JJ., concur.