**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

APPELLANT PRO SE:

**FREDDIE L. McKNIGHT, III**
New Castle Correctional Annex
New Castle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**IAN McCLEAN**
Deputy Attorney General
Indianapolis, Indiana

FILED

May 22 2013, 9:36 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| FREDDIE L. McKNIGHT, III, | ) | |
| | ) | |
| Appellant-Petitioner/Cross-Appellee, | ) | |
| | ) | |
| vs. | ) | No. 20A03-1109-CR-454 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent/Cross-Appellant. | ) | |

APPEAL FROM THE ELKHART SUPERIOR COURT
The Honorable Terry C. Shewmaker, Judge
Cause No. 20C01-0606-FA-49

**May 22, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Freddie L. McKnight, III, appeals the trial court's denial of his petition for post-conviction relief. The State cross-appeals, arguing that McKnight failed to timely file his motion to correct error in the trial court and therefore his right to appeal has not been preserved. We agree and dismiss the appeal.

**Facts and Procedural History**

On June 19, 2006, the State charged McKnight with class A felony dealing in cocaine weighing three grams or more. Following a trial held on November 13 and 14, 2006, the jury found McKnight guilty as charged. The trial court imposed a sentence of forty-eight years. On direct appeal, this Court affirmed McKnight's conviction in *McKnight v. State*, No. 20A05-0708-CR-469 (Ind. Ct. App. Feb. 14, 2008), *trans. denied*.

On March 26, 2009, McKnight filed a pro se petition for post-conviction relief. The State answered and, on July 15, 2010, the post-conviction court held an evidentiary hearing. The hearing was continued to February 24, 2011. Before that hearing, McKnight filed a first and a second amended petition for post-conviction relief. Evidentiary hearings were held on February 24 and 25 and March 10, 2011. On May 18, 2011, the post-conviction court issued its findings of fact, conclusions of law, and judgment denying post-conviction relief.

Thereafter, on July 17, 2011, McKnight delivered a pro se motion to correct error to prison officials for mailing to the Elkhart Circuit Court. The motion to correct error was file-stamped by the clerk of the Elkhart Circuit Court when it was received on June 20, 2011. The post-conviction court held a hearing on July 21, 2011, and denied the motion to correct

error on August 18, 2011. McKnight delivered a pro se notice of appeal to prison officials for mailing on September 28, 2011. That notice was deemed filed by this Court on September 30, 2011. The clerk's transcript was completed on May 21, 2011.

One year later, after numerous defective filings and McKnight's failure to file timely an appellant's brief, on May 21, 2012, this Court dismissed the appeal with prejudice pursuant to Indiana Appellate Rule 45(D). However, on June 4, 2012, our motions panel granted McKnight's motion to file a belated brief and reinstated the appeal. Following numerous additional filings and extensions of time granted to both parties by this Court, the appeal is now ready for our review.

### Discussion and Decision

On cross-appeal, the State argues that McKnight's appeal should be dismissed because his motion to correct error was untimely and thus, we lack subject matter jurisdiction to consider his appeal. We agree.

The post-conviction court entered its findings of fact, conclusions of law, and judgment denying McKnight's petition for post-conviction relief on May 18, 2011. Thirty days later, on Friday, June 17, 2011, McKnight delivered his motion to correct error to prison officials for mailing to the Elkhart Circuit Court. The Elkhart Circuit Court deemed the motion filed upon receipt on June 20, 2011, thirty-three days after the entry of final judgment.

Subject matter jurisdiction cannot be waived, and courts at all levels are obligated to consider the issue sua sponte even if the parties do not question it. *Tarrance v. State*, 947

N.E.2d 494, 495 (Ind. Ct. App. 2011). It is well settled that when an appellant files a motion to correct error that is not mandatory under the rules, such as McKnight's motion in this case, the motion must be filed within thirty days after the judgment in order to preserve the appellant's right to appeal. *See Dixon v. State*, 566 N.E.2d 594, 596 (Ind. Ct. App. 1991) *trans.denied*; Ind. Trial Rule 59(C). Indeed, when a motion to correct error is not timely filed, the right to appeal is not preserved. *Dowell v. State*, 922 N.E.2d 605, 609 (Ind. 2010). In *Dowell*, our supreme court specifically noted the particularity with which the Indiana Rules of Trial Procedure define what constitutes filing and when filings are deemed to have occurred depending on the mode of delivery. *Id*. Indiana Trial Rule 5(F) provides that the filing of pleadings, motions, and other papers with the court as required by the trial rules shall be made by one of the following methods:

(1) Delivery to the clerk of the court;

(2) Sending by electronic transmission under the procedure adopted pursuant to Administrative Rule 12;

(3) Mailing to the clerk by registered, certified or express mail return receipt requested;

(4) Depositing with any third-party commercial carrier for delivery to the clerk within three (3) calendar days, costs prepaid, properly addressed;

(5) If the court so permits, filing with the judge, in which event the judge shall note thereon the filing date and forthwith transmit them to the office of the clerk; or

(6) Electronic filing, as approved by the Division of State Court Administration pursuant to Administrative Rule 16.

Filing by registered or certified mail and by third-party commercial carrier shall be complete upon mailing or deposit[.]

> Any party filing any paper by any method other than personal delivery to the clerk shall retain proof of filing.

Regarding Trial Rule 5(F), the *Dowell* court explained,

> The gist of this is that when a party transmits by an independently verifiable means (like registered mail or third-party carrier), the filing is deemed to have occurred upon mailing or deposit. When other means are used, filing occurs on the date the filing is in the hands of the clerk.

922 N.E.2d at 609 (citation omitted). The court emphasized that the timing for filing motions to correct error is different than that for a notice of appeal, and that the principle of the prison mailbox rule[1] has been applied under Trial Rule 5 "only when the court is satisfied that the prisoner had employed certified mail, return receipt requested, and deposited his mailing in the institutional mail pouch by or before the filing deadline, notwithstanding the fact that the postmark reflected a date after the deadline."[2] *Id.* Because the prisoner in *Dowell* used regular mail, perhaps tendering it on the last possible day, the trial court appropriately date-stamped it when it arrived in the clerk's office, two days after the filing deadline. *Id.* Concluding that the right to appeal was not preserved by the untimely motion, our supreme court dismissed the appeal. *Id.*

The record indicates that, similar to the prisoner in *Dowell*, McKnight delivered his motion to prison officials for mailing on the last possible day, June 17, 2011, and that he paid

---

[1] The prison mailbox rule provides that a pro se incarcerated litigant who can provide reasonable, legitimate, and verifiable documentation supporting a claim that a document was timely submitted to prison officials for mailing accomplishes a timely filing. *Dowell*, 922 N.E.2d at 607.

[2] We do not disagree with McKnight that the tardy filing of his subsequent notice of appeal may well have been deemed timely pursuant to the principle of the prison mailbox rule as applied under our appellate rules. However, his election to first file a motion to correct error brings the issue of that filing to the forefront, the timeliness of which under our trial rules is a necessary prerequisite to our appellate jurisdiction.

for the use of only regular mail rather than certified mail return receipt requested or third-party commercial carrier.[3]  Accordingly, the Elkhart Circuit Court appropriately date-stamped the motion on the day it arrived to the clerk, June 20, 2011, three days after the filing deadline.  McKnight's untimely filing of his motion to correct error has resulted in the failure to preserve his right to appeal.  Therefore, we dismiss his appeal.

Dismissed.

RILEY, J., and BAILEY, J., concur.

---

[3] McKnight argues that the prison official to whom he delivered his motion to correct error for mailing should be considered a "third-party commercial carrier" as described by Trial Rule 5 and that filing was accomplished when given to that official.  McKnight cites no authority for this unique argument and we are confident that the drafters of our trial rules did not contemplate such a tortured interpretation of the terms used.