**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Dec 18 2013, 10:27 am

CLERK
of the supreme court,
court of appeals and
tax court

APELLANT PRO SE:

**GUY J. IVESTER**
New Castle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| GUY IVESTER, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 33A04-1209-PC-491 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE HENRY CIRCUIT COURT
The Honorable David A. Kolger, Special Judge
Cause No. 33C01-1011-PC-5

**December 18, 2013**

**MEMORANDUM DECISION ON REHEARING - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

Guy Ivester has petitioned this court for rehearing of our opinion dated September 3, 2013. Ivester v. State, No. 33A04-1209-PC-491 (Ind. Ct. App. Sept. 3, 2013). In our opinion, we held that Ivester was not denied the effective assistance of his trial counsel, that he entered his guilty plea voluntarily, that his claims of prosecutorial misconduct and trial court abuse of discretion are unavailable, and that there was no abuse by the post-conviction court, and we affirmed the decision of the trial court. We affirm our opinion in all respects. Slip op. at 13.

We address first the timing of Ivester's petition. Ivester's petition for rehearing was due by October 3, 2013, was first filed with our court on October 9, 2013, and was determined to be both late and defective. Ivester has now filed a motion to file a belated petition for rehearing, along with a corrected petition. Ivester cites to Dowell v. State, 922 N.E.2d 605 (Ind. 2010), in support of his claim that the prison mailbox rule should apply to his initial filing of his petition for rehearing. In Dowell, our supreme court explicitly adopted the prison mailbox rule for purposes of appellate procedure, such that "a *pro se* incarcerated litigant who delivers a notice of appeal to prison officials for mailing on or before its due date accomplishes a timely filing" so long as the litigant provides "reasonable, legitimate, and verifiable documentation supporting a claim that a document was timely submitted to prison officials for mailing." Id. at 607. The court gave an example of documentation that met these grounds: that documentation included a copy of the legal mail log, an affidavit from a person identifying himself as a law librarian, and the prisoner's own affidavit. Id. at 608. Examples of insufficient documentation included a prisoner's own claim or verified motion without additional documentary support. Id. Here, Ivester has claimed that he tendered his petition to law

library staff before his petition was due, and he has supplied a legal mail log report and a paid receipt indicating that he submitted his petition to the facility and paid for postage associated with this cause number at least one day before his petition was due. Concluding that this is sufficient documentation and therefore his petition was timely under the prison mailbox rule, we grant his motion to file a belated petition.

As for the substance of his petition for rehearing, however, it largely re-hashes issues and arguments addressed in our original opinion. To the extent that Ivester attempts to present a new argument—that the trial court committed fundamental error in accepting his guilty plea because the trial court did not advise Ivester that if it accepted the plea it would be bound by the terms of the agreement—that issue is waived. See Clark Cnty. Drainage Bd. v. Isgrigg, 966 N.E.2d 678, 679 (Ind. Ct. App. 2012) ("It is well established that a party may not raise an argument for the first time in a petition for rehearing."). Moreover, Ivester's argument on that point seems to relate back to his understanding of the trial judge's comment when accepting his plea agreement that she would not "penalize" him, an argument that we addressed several times in our opinion. We noted in our opinion that "there is evidence to support the post-conviction court's determination that Ivester was advised as to the potential sentence under his plea agreement and that he stated under oath his comprehension of the possible sentence." Ivester, No. 33A04-1209-PC-491, slip op. at 10. We therefore affirm our opinion in all respects.

RILEY, J., and KIRSCH, J., concur.