# FOR PUBLICATION



APPELLANT PRO SE:

**ERIK MORALES**
Carlisle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**J.T. WHITEHEAD**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ERIK MORALES, | ) | |
| | ) | |
| Appellant/Cross-Appellee, | ) | |
| | ) | |
| vs. | ) | No.  10A01-1308-PC-353 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee/Cross-Appellant. | ) | |

APPEAL FROM THE CLARK CIRCUIT COURT
The Honorable Daniel E. Moore, Judge
Cause No. 10C01-1301-PC-3

**October 15, 2014**

**OPINION - FOR PUBLICATION**

**BAILEY, Judge**

## Case Summary

Pro-se Petitioner Erik Morales ("Morales") appeals the denial of his petition for post-conviction relief, which challenged his convictions for two counts of Child Molestation and one count of Attempted Child Molestation, as Class A felonies.[1]  We affirm.

## Issues

Morales articulates four issues for review, but presents argument on only three.[2]  We address that issue which is not waived, res judicata, or procedurally defaulted,[3] that is, whether Morales was denied the effective assistance of trial counsel.

The State raises one issue on cross-appeal:  whether the appeal should be dismissed for lack of a timely notice of appeal.

## Facts and Procedural History

On August 18, 2010, a jury found Morales guilty of the molestation and attempted molestation of his step-daughter.  He received an aggregate sentence of forty years imprisonment.

---

[1] Ind. Code § 35-42-4-3.    The offense is now a Level 1, 2, or 3 felony.  We refer to the version of the statute in effect at the time of Morales's offenses.

[2] Morales articulated an issue challenging the lack of an evidentiary hearing in the post-conviction court, but did not develop any corresponding argument.

[3] Post-conviction procedures do not afford petitioners with a "super-appeal"; rather, the post-conviction rules contemplate a narrow remedy for subsequent collateral challenges to convictions.  Reed v. State, 856 N.E.2d 1189, 1194 (Ind. 2006).  The purpose of a petition for post-conviction relief is to provide petitioners the opportunity to raise issues not known or available at the time of the original trial or direct appeal.  Stephenson v. State, 864 N.E.2d 1022, 1028 (Ind. 2007).  If an issue was known and available but not raised on direct appeal, the issue is procedurally foreclosed.  Id.  If an issue was raised and decided on direct appeal, it is res judicata.  Id.  Moreover, collateral challenges to convictions must be based upon grounds enumerated in the post-conviction rule.  Shanabarger v. State, 846 N.E.2d 702, 707 (Ind. Ct. App. 2006), trans. denied; see also Post-Conviction Rule 1(1).  To the extent that Morales attempts to raise free-standing issues with regard to the admission of evidence and sentencing, they are not properly addressed through post-conviction proceedings.  Bunch v. State, 778 N.E.2d 1285, 1289 (Ind. 2002).

Morales appealed his convictions, raising claims of insufficiency of the evidence and abuse of discretion in the admission of evidence. Morales v. State, No. 10A01-1110-CR-554 (Ind. Ct. App. July 17, 2012). More specifically, Morales claimed that the trial court should not have admitted certain testimony of nurse Kathy Scifres ("Scifres"), Crystal Morales, and Detective Harold Kramer. Slip op. at 1. The convictions were affirmed. Id.

On November 19, 2012, Morales filed a pro-se petition for post-conviction relief, alleging that he had received ineffective assistance of trial counsel. On May 24, 2013, he filed an amended petition to add claims that the trial court had abused its discretion in the admission of evidence and had abused its sentencing discretion. The matter proceeded by submission of affidavits. On July 8, 2013, the post-conviction court entered an order denying Morales relief. He now appeals.

**Discussion and Decision**

State's Cross-Appeal

Pursuant to Indiana Appellate Rule 9, "A party initiates an appeal by filing a Notice of Appeal with the Clerk … within thirty days after the entry of a Final Judgment is noted in the Chronological Case Summary." Here, judgment was entered on July 8, 2013 and Morales filed his Notice of Appeal on August 8, 2013, thirty-one days later. According to the State, this Court should therefore dismiss the appeal for lack of jurisdiction.

Recently, our Indiana Supreme Court has clarified that failure to timely file a Notice of Appeal is not jurisdictional. In re Adoption of O.R., No. 21S01-1409-AD-592 (Ind. Sept.

3

25, 2014). Although the failure is not a jurisdictional matter, the appellant nevertheless forfeits the right to an appeal absent "extraordinarily compelling reasons." Slip op. at 8.

Morales is incarcerated at the Wabash Valley Correctional Facility in Carlisle, Indiana, and thus the prison mailbox rule announced in Houston v. Lack, 487 U.S. 266 (1988) is implicated. Pursuant to this rule, the date a pro-se prisoner delivers notice to prison authorities for mailing should be considered the date of filing as opposed to the date of receipt. Dowell v. State, 922 N.E.2d 605, 607 (Ind. 2010). As the State points out, the burden is on the petitioner to show that the notice was timely delivered to prison authorities. See id. ("Our practice has required a pro se prisoner to provide reasonable, legitimate, and verifiable documentation supporting a claim that a document was timely submitted to prison officials for mailing").

Because Morales did not reply to the State's argument with assertions or documentation as to when he deposited his Notice of Appeal with prison authorities, the prison mail box rule does not afford him relief at this juncture. We could, as the State urges, dismiss Morales's appeal. He could then petition for rehearing and provide a legal mail log showing when he submitted his document to prison authorities.

However, in light of In re Adoption of O.R., dismissal is not inevitable. We do not lack jurisdiction over Morales's appeal and we believe that the "extraordinary compelling reasons" for non-forfeiture recognized by our Indiana Supreme Court is not determined solely from the perspective of the litigant. This Court has an interest in judicial economy and bringing finality to proceedings by post-conviction petitioners.

4

In light of the mere one-day delay and the preference of this Court to address the merits of claims in final disposition of controversies, we conclude that Morales has not forfeited his right to appeal and we elect to address the merits of Morales's contention that he received ineffective assistance of counsel.

## Standard of Review

The petitioner in a post-conviction proceeding bears the burden of establishing the grounds for relief by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5); Fisher v. State, 810 N.E.2d 674, 679 (Ind. 2004). When appealing from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. Id. On review, we will not reverse the judgment of the post-conviction court unless the evidence as a whole unerringly and unmistakably leads to a conclusion opposite that reached by the post-conviction court. Id. A post-conviction court's findings and judgment will be reversed only upon a showing of clear error, that which leaves us with a definite and firm conviction that a mistake has been made. Id. In this review, findings of fact are accepted unless they are clearly erroneous and no deference is accorded to conclusions of law. Id. The post-conviction court is the sole judge of the weight of the evidence and the credibility of witnesses. Id.

## Effectiveness of Trial Counsel

Effectiveness of counsel is a mixed question of law and fact. Strickland v. Washington, 466 U.S. 668, 698 (1984). We evaluate Sixth Amendment claims of ineffective assistance under the two-part test announced in Strickland. Id. To prevail on an ineffective

assistance of counsel claim, a defendant must demonstrate both deficient performance and resulting prejudice. Dobbins v. State, 721 N.E.2d 867, 873 (Ind. 1999) (citing Strickland, 466 U.S. at 687). Deficient performance is that which falls below an objective standard of reasonableness. Strickland, 466 U.S. at 687; see also Douglas v. State, 663 N.E.2d 1153, 1154 (Ind. 1996). Prejudice exists when a claimant demonstrates that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694; see also Cook v. State, 675 N.E.2d 687, 692 (Ind. 1996). The two prongs of the Strickland test are separate and independent inquiries. Strickland, 466 U.S. at 697. Thus, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." Id.

We "strongly presume" that counsel provided adequate assistance and exercised reasonable professional judgment in all significant decisions. McCary v. State, 761 N.E.2d 389, 392 (Ind. 2002). Counsel is to be afforded considerable discretion in the choice of strategy and tactics. Timberlake v. State, 753 N.E.2d 591, 603 (Ind. 2001). Counsel's conduct is assessed based upon the facts known at the time and not through hindsight. State v. Moore, 678 N.E.2d 1258, 1261 (Ind. 1997). We do not "second-guess" strategic decisions requiring reasonable professional judgment even if the strategy in hindsight did not serve the defendant's interests. Id. In sum, trial strategy is not subject to attack through an ineffective assistance of counsel claim, unless the strategy is so deficient or unreasonable as to fall

6

outside the objective standard of reasonableness. <u>Autrey v. State</u>, 700 N.E.2d 1140, 1141 (Ind. 1998).

Morales claims that Scifres provided erroneous testimony as to what constitutes penetration of the female sex organ and thus his trial counsel was ineffective for his failure to present an expert witness to provide accurate testimony. According to Morales, "the legislative intent of penetrating the sex organ is the penetration of the vagina, not the labia," "Scifres and the State attempt[ed] to rationalize the labia majora to be the same as the vagina, and the labia majora to be the entire female organ," and "trial counsel committed Ineffective Assistance of Counsel when he failed to call an expert witness to set forth the true definitions of Labia Majora, vagina, and penetration." (Appellant's Brief at 8-10.)

Apparently, Morales is of the opinion that penetration of female external genitalia does not constitute penetration of the female sex organ. However, this contention is not consistent with Indiana law. <u>See</u> <u>e.g.</u>, <u>Short v. State</u>, 564 N.E.2d 553, 559 (Ind. Ct. App. 1991) (observing that, "to sustain convictions for child molesting and incest, proof of the slightest penetration is sufficient" and holding that penetration of external genitalia, or vulva, is sufficient to support an unlawful sexual intercourse conviction). Morales's trial counsel was not ineffective for failure to claim that penetration did not occur.

**Conclusion**

Morales has not overcome the presumption that he received the effective assistance of trial counsel. Accordingly, the post-conviction court properly denied Morales's petition for post-conviction relief.

Affirmed.

KIRSCH, J., and MAY, J., concur.