## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 13 2017, 8:18 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Larry Warren
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Crystal G. Rowe
Kightlinger & Gray, LLP
New Albany, Indiana

Louis J. Britton
Kightlinger & Gray, LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Larry Warren,

*Appellant-Plaintiff,*

v.

Carl L. Epstein,

*Appellee-Defendant.*

September 13, 2017

Court of Appeals Case No.
49A04-1606-CT-1498

Appeal from the
Marion Superior Court

The Honorable
Patrick J. Dietrick, Judge

Trial Court Cause No.
49D12-1408-CT-26532

**Kirsch, Judge.**

[1] Larry Warren ("Warren") appeals the trial court's order granting summary judgment in favor of Carl L. Epstein ("Epstein") in Warren's action against

Epstein for legal malpractice. Warren raises the following issue for our review: whether the trial court erroneously granted summary judgment and determined that no genuine issues of material fact existed.

[2] We affirm.

## Facts and Procedural History

[3] Warren was charged with several counts of Class A felony child molesting and Class D felony child solicitation. Warren was acquainted with Epstein because Epstein had previously defended Warren's brother in an unrelated criminal matter. In April 2010, Warren and Epstein entered into a Retainer Agreement for legal representation, which included an agreed flat fee for attorney services of $20,000 with Warren to additionally pay all case-related expenses. *Appellee's App. Vol. II* at 35. Epstein entered an appearance for, and began representing, Warren in the criminal matter.

[4] In July 2012, the attorney-client relationship began to break down, and on July 5, 2012, Epstein filed a motion to withdraw as Warren's counsel, which was denied by the trial court. On July 6, 2012, Epstein and Warren exchanged email communications, and in his response, Warren informed Epstein that, "This is notice that I am terminating you effective immediately for ineffective counsel." *Id*. at 38. On July 9, 2012, Epstein filed a second motion to withdraw, explaining the breakdown of the attorney-client relationship, and the trial court granted the motion to withdraw. The trial court then found Warren to be indigent, appointed a public defender to represent him, and continued the

date of the jury trial. That trial date was later continued twice more, to December 13, 2012. A few days before the December trial date, Warren's appointed public defender withdrew because Warren had hired private defense counsel to represent him at trial. At the conclusion of his jury trial, Warren was found guilty of three counts of Class A felony child molesting and two counts of Class D felony child solicitation and was sentenced to eighty years. Warren appealed, and this court remanded to the trial court for resentencing. Warren was resentenced to an aggregate seventy years.

[5] On or after July 7, 2014,[1] Warren mailed to the trial court his complaint for legal malpractice against Epstein, pro se appearance, verified petition for waiver of filing fees and costs, and an accompanying affidavit of indigency. On July 16, 2014, the trial court issued an order waiving Warren's fees and court costs. Subsequently, on August 8, 2014, this legal malpractice action was commenced according to the CCS. *Id*. at 2. On January 25, 2016, Epstein filed a motion for summary judgment, arguing, among other things, that Warren's complaint was barred by the governing two-year statute of limitations. On June 2, 2016, after a hearing on the motion, the trial court granted summary judgment to Epstein. Warren now appeals.

---

[1] Although Warren's pleadings contain the date of July 3, 2014 as the date of mailing, we note that the affidavit attached to the pleadings was not notarized until July 7, 2014. *Appellant's App. Vol. II* at 11-13.

# Discussion and Decision

Warren argues that the trial court erred in granting summary judgment in favor of Epstein. When reviewing the grant of summary judgment, our standard of review is the same as that of the trial court. *FLM, LLC v. Cincinnati Ins. Co.,* 973 N.E.2d 1167, 1173 (Ind. Ct. App. 2012) (citing *Wilcox Mfg. Grp., Inc. v. Mktg. Servs. of Ind., Inc.,* 832 N.E.2d 559, 562 (Ind. Ct. App. 2005)), *trans. denied.* We stand in the shoes of the trial court and apply a *de novo* standard of review. *Id.* (citing *Cox v. N. Ind. Pub. Serv. Co.,* 848 N.E.2d 690, 695 (Ind. Ct. App. 2006)). Our review of a summary judgment motion is limited to those materials designated to the trial court. Ind. Trial Rule 56(H); *Robson v. Tex. E. Corp.,* 833 N.E.2d 461, 466 (Ind. Ct. App. 2005), *trans. denied.* Summary judgment is appropriate only where the designated evidence shows there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. T.R. 56(C). For summary judgment purposes, a fact is "material" if it bears on the ultimate resolution of relevant issues. *FLM,* 973 N.E.2d at 1173. We view the pleadings and designated materials in the light most favorable to the non-moving party. *Id.* Additionally, all facts and reasonable inferences from those facts are construed in favor of the non-moving party. *Id.* (citing *Troxel Equip. Co. v. Limberlost Bancshares,* 833 N.E.2d 36, 40 (Ind. Ct. App. 2005), *trans. denied*).

A trial court's grant of summary judgment is clothed with a presumption of validity, and the party who lost in the trial court has the burden of demonstrating that the grant of summary judgment was erroneous. *FLM,* 973

N.E.2d at 1173. We will affirm upon any theory or basis supported by the designated materials. *Id.*

[8] The statute of limitations for a legal malpractice action is two years. Ind. Code § 34-11-2-4; *Biomet, Inc. v. Barnes & Thornburg*, 791 N.E.2d 760, 765 (Ind. Ct. App. 2003), *trans. denied*. "Under the continuous representation doctrine, the statute of limitations does not commence until the end of an attorney's representation of a client in the same matter in which the alleged malpractice occurred." *Biomet, Inc.*, 791 N.E.2d at 765. Additionally, legal malpractice actions are subject to the "discovery rule," which provides that the statute of limitations does not begin to run until such time as the plaintiff knows, or in the exercise of ordinary diligence could have discovered, that he had sustained an injury as the result of the tortious act of another. *Id.*

[9] In the present case, the attorney-client relationship between Epstein and Warren ended on July 9, 2012, on the date that the trial court granted Epstein's motion to withdraw as Warren's counsel. Warren, therefore, had until July 9, 2014 to commence his legal-malpractice action. Epstein based his motion to withdraw on Warren's allegations of Epstein's ineffectiveness and attempts to terminate Epstein as his attorney on July 6, 2012. *Appellee's App. Vol. II* at 44. Warren's email on July 6 shows that he was aware at that time of his alleged legal malpractice claim since he asserted that Epstein provided ineffective assistance of counsel to him. *Id.* at 38-39, 85.

[10] Under Indiana Trial Rule 3,

A civil action is commenced by filing with the court a complaint or such equivalent pleading or document as may be specified by statute, by payment of the prescribed filing fee or filing an order waiving the filing fee, and, where service of process is required, by furnishing to the clerk as many copies of the complaint and summons as are necessary.

Indiana Trial Rule 5(F) explains in detail what constitutes filing and when filings are deemed to have occurred. It provides in pertinent part: "The filing of pleadings, motions, and other papers with the court as required by these rules shall be made by one of the following methods: . . . (3) Mailing to the clerk by registered, certified or express mail return receipt requested." Ind. Trial Rule 5(F). The rule further states: "Filing by registered or certified mail and by third-party commercial carrier shall be complete upon mailing or deposit. Any party filing any paper by any method other than personal delivery to the clerk shall retain proof of filing." *Id.*

[11] Therefore, generally, when a party sends the pleadings by an independently verifiable means, like registered mail or third-party carrier, the filing is deemed to have occurred upon mailing or deposit. *Dowell v. State*, 922 N.E.2d 605, 609 (Ind. 2010). However, when other means are used, filing occurs on the date the filing is received by the clerk. *Id.* "The principle of the mailbox rule[2] has been applied under [Trial] Rule 5 only when the court is satisfied that the prisoner

---

[2] Under the prison mailbox rule, a pro se incarcerated litigant who delivers a notice of appeal to prison officials for mailing on or before the due date accomplishes a timely filing. *Dowell v. State*, 922 N.E.2d 605, 607 (Ind. 2010). Here, Warren was not delivering a notice of appeal, but rather a civil complaint.

had employed certified mail, return receipt requested, and deposited his mailing in the institutional mail pouch by or before the filing deadline, notwithstanding the fact that the postmark reflected a date after the deadline. *Id*.

[12] Here, Warren used regular mail, tendering his complaint on either July 3 or July 6, 2014. He did not employ certified mail, return receipt requested. Therefore, his complaint was deemed filed on the date it was received in the clerk's office, August 8, 2014, which is after the limitation period had expired, and not on the date of mailing as Warren claims. Warren's complaint for legal malpractice was not filed within the statute of limitations and, therefore, is time barred.[3] The trial court did not err in granting summary judgment in favor of Epstein.

[13] Affirmed.

Najam, J., and Brown, J., concur.

---

[3] Although under the continuous representation doctrine, the statute of limitations commences at the end of an attorney's representation of a client in the same matter in which the alleged malpractice occurred, *Biomet, Inc. v. Barnes & Thorn burg*, 791 N.E.2d 760, 765 (Ind. Ct. App. 2003), which made the date the statute of limitations began to run as July 9, 2012, Warren argues for the first time in his reply brief that he did not discover Epstein's alleged malpractice until June 2014. "'The law is well settled that grounds for error may only be framed in an appellant's initial brief and if addressed for the first time in the reply brief, they are waived.'" *Tramill v. Anonymous Healthcare Provider*, 37 N.E.3d 553, 556 n.2 (Ind. Ct. App. 2015) (quoting *Monroe Guar. Ins. Co. v. Magwerks Corp.*, 829 N.E.2d 968, 977 (Ind. 2005)), *trans. denied*. Because Warren did not raise this issue in his Appellant's Brief, this issue is waived.