In the

# United States Court of Appeals

## For the Seventh Circuit

No. 18-1909

MALCOLM COBB, JR.,

*Plaintiff-Appellant,*

*v.*

ARAMARK CORRECTIONAL SERVICES, LLC,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 17-cv-00703 — **Sarah Evans Barker**, *Judge.*

SUBMITTED MARCH 5, 2019[1] — DECIDED AUGUST 29, 2019

Before KANNE, ROVNER, and HAMILTON, *Circuit Judges*.

ROVNER, *Circuit Judge*. Malcolm Cobb, Jr., an Indiana pris-
oner, brought a state-court negligence action against Aramark

---

[1] We have agreed to decide this case without oral argument because
the briefs and record adequately present the facts and legal arguments,
and oral argument would not significantly aid the court. *See* FED. R. APP.
P. 34(a)(2)(C).

Correctional Services, LLC ("Aramark") for failing to clean up a spill in the kitchen at the Pendleton Correctional Facility, causing him to slip and fracture his ankle. Aramark removed the case to federal court, then asserted that Cobb had filed too late; the district court agreed. Cobb appeals, maintaining that his complaint should be deemed "filed" under the prison mailbox rule on the date he handed it to his counselor for mailing. Because the district court misinterpreted Indiana's prison mailbox rule, we reverse and remand for further proceedings.[2]

Cobb initially filed this action in state court. He claimed that Aramark's failure to train its employees in safety rules, such as posting signs signaling a wet floor, caused his injury on December 15, 2014. The parties do not dispute that Cobb's personal-injury claim accrued on that date.

Aramark, a limited liability company whose sole member is a Delaware corporation with its principal place of business in Pennsylvania, removed this action to the Southern District of Indiana on the basis of diversity jurisdiction. 28 U.S.C. §§ 1332, 1441. Aramark then moved for summary judgment, arguing that Cobb's complaint was not timely under Indiana law, which provides that a personal-injury action must be brought no more than two years after the cause of action accrues. IND. CODE § 34-11-2-4.

---

[2] We note that one of the controlling Indiana state court cases that has informed this opinion was decided on December 10, 2018, and thus the district court would not have had the benefit of that Indiana Appellate Court's interpretation of the prison mailbox rule when it issued its April 10, 2018 opinion.

Cobb responded that on December 9, 2016—six days before the statute of limitations expired on December 15, 2016—he handed his notarized complaint to a prison counselor, who delivered this complaint to the mail room on the same day. The counselor confirmed in an affidavit that he notarized Cobb's complaint on December 9, 2016, walked it to the prison mail room, and dropped it off in the outgoing mailbox. Prison records show that Cobb's complaint was mailed on December 19, 2016—ten days after being deposited in the outgoing mailbox.[3] Cobb did not mail his complaint by registered, certified, or express mail, because, he stated, he lacked the necessary funds to do so (and the prison does not advance costs for certified mail).

The district court granted Aramark's motion for summary judgment. It concluded that the state statute of limitations controlled, and Cobb's action was too late unless his delivery of the complaint to the counselor on December 9, 2016 constituted filing. The district court concluded that Indiana law controlled, and that under Indiana's law, a pleading must have been sent to the state court clerk by registered, certified, or express mail with a return receipt requested in order to be considered filed when submitted for mailing. R. 47 at 5 (citing *Dowell v. State*, 922 N.E.2d 605. 609 (Ind. 2010)). Otherwise, the district court concluded, the pleading is considered filed upon receipt by the state court clerk. *Id*. Because the record shows that Cobb's complaint was sent by regular first-class mail and received on January 31, 2017, the district court held that Cobb's action was barred by the statute of limitations. Cobb appeals, arguing that the court should have applied the

---

[3] There is nothing in the record explaining this delay.

federal prison mailbox rule, which requires only prepaid first-class postage and deems prisoners' legal papers filed on the date delivered to prison authorities for mailing to the court clerk. *See* Fed. R. App. P. 4(c); *Houston v. Lack*, 487 U.S. 266, 275–76 (1988); *Taylor v. Brown*, 787 F.3d 851, 858–59 (7th Cir. 2015) (federal mailbox rule applies to district court filings as well as appeals). He also appears to be arguing that his filing was timely under the more demanding Indiana prisoner mailbox rule, which requires prisoners to provide reasonable, legitimate, and verifiable documentation supporting a claim that a document was timely submitted to prison officials for mailing. *Dowell*, 922 N.E.2d at 607.

We review *de novo* a district court's grant of summary judgment based on a statute of limitations. *Stepney v. Naperville Sch. Dist. 203*, 392 F.3d 236, 239 (7th Cir. 2004). Here, the parties' dispute boils down to whether we apply Indiana's prison mailbox rule or the federal prison mailbox rule. If the federal rule applies, then Cobb's action would not have been barred, because his complaint would have been timely filed at the moment he handed it to the prison counselor. Indiana's prison mailbox requires a bit more—it requires "reasonable, legitimate, and verifiable documentation supporting a claim that a document was timely submitted to prison officials for mailing." *Dowell v. State*, 922 N.E.2d at 607.

We agree with the district court that Indiana's prison mailbox rule applies. Federal Rule of Civil Procedure 81(c) provides that the federal rules apply to a civil action after it is removed from state court. And we have instructed courts to distinguish between actions that occur before and after removal to federal court when applying federal procedure to removed cases. *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119,

1122 (7th Cir. 2001). "The Federal Rules make clear that they do not apply to filings in state court, even if the case is later removed to federal court." *Id.* Therefore, the federal prison mailbox rule does not apply. Indiana's does.

We therefore must analyze when Cobb's complaint was filed under Indiana's prison mailbox rule. In 2010, the Indiana Supreme Court expressly adopted its prison mailbox rule (recognizing that Indiana courts had been using this approach without expressly adopting it). It did so by first analyzing the Indiana Rule of Trial Procedure 5 that defines what constitutes a filing and when filings are deemed to have occurred:

(F) Filing With the Court Defined. The filing of pleadings, motions, and other papers with the court as required by these rules shall be made by one of the following methods:

(1) Delivery to the clerk of the court;

(2) Sending by electronic transmission under the procedure adopted pursuant to Administrative Rule 12;

(3) Mailing to the clerk by registered, certified or express mail return receipt requested;

(4) Depositing with any third-party commercial carrier for delivery to the clerk within three (3) calendar days, cost prepaid, properly addressed;

(5) If the court so permits, filing with the judge, in which event the judge shall note thereon the filing date and forthwith transmit them to the office of the clerk; or

(6) Electronic filing, as approved by the Indiana Office of Judicial Administration (IOJA) pursuant to Administrative Rule 16.

Filing by registered or certified mail and by third-party commercial carrier shall be complete upon mailing or deposit

Any party filing any paper by any method other than personal delivery to the clerk shall retain proof of filing.

Ind. R. Trial P. 5

Based on its analysis of these rules, the Indiana Supreme Court declared that a court shall deem a court filing timely if a pro se prisoner litigant submits the filing to prison officials for mailing on or before its due date, and the prisoner "provide[s] reasonable, legitimate, and verifiable documentation supporting a claim that a document was timely submitted to prison officials for mailing." *Dowell*, 922 N.E.2d at 607. The prisoner-plaintiff in the *Dowell* case, however, did not have verifiable documentation supporting his claim of mailing. He did not use certified mail, return receipt requested; he did not have a receipt from a third-party carrier; he did not get an affidavit from a prison official, or have any other proof of filing. *Id.* at 608–09.

After considering *Dowell*, the district court concluded that "under Indiana's mail box rule for trial courts, for any pleading, motion, or other paper to be considered filed when mailed, it must have been sent to the state court clerk by registered, certified, or express mail with a return receipt requested." R. 47 at 5. This, however, is too narrow a reading of *Dowell*. In *Dowell*, the plaintiff had no such "reasonable,

legitimate, and verifiable documentation supporting [his] claim" and therefore the court had no reason to evaluate what forms of documentation would be acceptable. *Dowell*, 922 N.E.2d at 607. But as appellate courts have interpreted the Indiana Supreme Court's decision in *Dowell*, it has become clear that a certified mail return receipt is one way, but not the only way, for a prisoner-plaintiff to submit verifiable documentation. In other words, the Indiana prison mailbox rule is simply that "the date a pro-se prisoner delivers notice to prison authorities for mailing should be considered the date of filing as opposed to the date of receipt [and] the burden is on the petitioner to show that the notice was timely delivered to prison authorities." *Morales v. State*, 19 N.E.3d 292, 296 (Ind. Ct. App. 2014). A return receipt from certified mail is certainly one reliable and simple way for a prisoner to show that his documents were delivered on time to prison authorities, but it is not the only way. And thus in *Harkins v. Westmeyer*, 116 N.E.3d 461, 469 (Ind. Ct. App. 2018), the Indiana Court of Appeals accepted a letterhead statement from the facility administration explaining the reason the mail was late in reaching the court. The appellate court noted that the "letter was not a sworn affidavit submitted under penalty of perjury," but decided to give the prisoner-plaintiff, Harkins, the benefit of the doubt as the evidence taken as a whole "creates a presumption that Harkins functionally filed his documents" before the deadline. *Id.* at 470 (internal citations omitted). The appellate court explained the rule just as the Indiana Supreme Court had (and in fact cited *Dowell* in doing so):

> The prison mailbox rule provides that "a pro se incarcerated litigant who delivers a [document] to prison officials for mailing on or before its due date accomplishes a timely filing"; and the

> document is deemed "filed" on the date of submission to prison officials. [*Dowell*, 922 N.E.2d at 605]. A pro se prisoner must provide "reasonable, legitimate, and verifiable documentation supporting a claim that a document was timely submitted to prison officials for mailing." *Id.* at 608. "Where a prisoner's proof is lacking, however, the opposite result obtains." *Id.*

*Harkins*, 116 N.E.3d at 469. We know that the appellate court in *Harkins* properly interpreted the Indiana Supreme Court's decision in *Dowell*, because the court in *Dowell* gave as an example of acceptable proof "an affidavit from [a] prison employee verifying that [the plaintiff] presented the record to her on the date it was due but that [the prison employee] did not mail the record until the next day." *Dowell*, 922 N.E.2d at 608. The example *Dowell* set forth said nothing about requiring certified mail or return receipts.

In short, the Indiana prison mailbox rule is not limited to instances involving certified mail. Although certified mail is certainly one mode of proof, the Indiana courts simply "require a pro se prisoner to provide reasonable, legitimate, and verifiable documentation supporting a claim that a document was timely submitted to prison officials for mailing." *Dowell*, 922 N.E.2d at 607. Cobb submitted an affidavit from a prison counselor that attested to the fact that Cobb submitted his documents to the counselor on December 9, 2016—six days before the statute of limitations expired. The counselor stated that he notarized the documents on that date and delivered them to the mail room on the same day. R. 39-1 at 171. Cobb, therefore, submitted reasonable, legitimate, and verifiable

documentation supporting his claim that his documents were timely submitted to prison officials for mailing.

This leaves us with one last issue upon which to comment. The district court also noted that Cobb alleged in his filings that the Madison County Clerk turned away his parents when they tried to file his complaint in person, well before the limitations period expired. Indeed, the record contains a letter from the Clerk of the Madison County Circuit Court to Cobb which states, "If you are wanting to file a new suit while in the Department of Correction [sic] you may either have someone file on your behalf who has power of attorney over you or you may send in the paperwork yourself. … They also must bring a copy of the paperwork showing that they do have power of attorney over you. If they do not have the appropriate paperwork we will not accept it." R. 39-1 at 177. The facts behind this allegation have not been developed, but on remand, the district court might want to consider whether such a requirement by the Clerk of the Madison Circuit Court unconstitutionally restricts access to the courts, particularly if the rule is applied differently to prisoners than the rest of the litigants. There are, after all, myriad people who perform the ministerial task of dropping off paperwork at clerks' offices including secretaries, messengers, law firm runners, courier services, and the like. We would hope that this rule is not being used to discourage prisoners from filing cases in the Madison County Courts. As the Supreme Court has said, "Unlike other litigants, pro se prisoners cannot personally travel to the courthouse to see that the notice is stamped 'filed' or to establish the date on which the court received the notice," and they are at a significant disadvantage in filing documents with the court. *Houston v. Lack*, 487 U.S. 266, 271 (1988).

For these reasons, the district court's judgment is REVERSED and this appeal is REMANDED to the district court for further proceedings consistent with this order.