## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 02 2019, 9:02 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

**APPELLANT PRO SE**

Edward Smith
New Castle, Indiana

**ATTORNEYS FOR APPELLEE**

Curtis T. Hill, Jr.
Attorney General of Indiana

Michael Vo Sherman
Certified Legal Intern

Evan Matthew Comer
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Edward Lee Smith, Sr.,<br>*Appellant-Petitioner,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Respondent* | October 2, 2019<br><br>Court of Appeals Case No.<br>19A-PC-772<br><br>Appeal from the Lake Superior Court<br><br>The Honorable Kathleen A. Sullivan, Magistrate<br><br>Trial Court Cause No.<br>45G01-1806-PC-6 |

**Baker, Judge.**

[1] Edward Smith appeals the post-conviction court's dismissal of his petition for post-conviction relief, arguing that the post-conviction court erroneously failed to follow the prison mailbox rule. Finding no error, we affirm.

[2] On June 30, 2016, a jury found Smith guilty of Class C felony child molesting and two counts of Class C criminal confinement. This Court later affirmed Smith's convictions. *Smith v. State*, 45A03-1609-CR-1974 (Ind. Ct. App. Mar. 15, 2017). On June 5, July 17, and October 30, 2018, Smith, pro se, filed three different amended petitions for post-conviction relief, alleging each time that he was denied the effective assistance of trial counsel. On November 2, 2018, the post-conviction court ordered that Smith include findings of fact and conclusions of law in his petition by December 2, 2018.

[3] The post-conviction court then granted, in part, Smith's motion for enlargement of time on January 7, 2019. The new filing deadline was set for January 18, 2019. Smith once again moved for an enlargement of time, which the post-conviction court granted and set the final filing deadline for February 8, 2019. After Smith failed to file the required documents, the post-conviction court dismissed with prejudice Smith's petition for post-conviction relief on February 20, 2019. Smith finally submitted his findings of fact and conclusions of law on February 22, 2019, without any explanation for the delay. Smith now appeals.

[4] Smith's sole argument on appeal is that the post-conviction court erroneously failed to follow the prison mailbox rule. A post-conviction petitioner bears the burden of establishing grounds for relief by a preponderance of the evidence.

*Henley v. State*, 881 N.E.2d 639, 643 (Ind. 2008). To prevail on appeal from the denial of post-conviction relief, the petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. *Id.* at 643-44.

[5]    The prison mailbox rule says that a "pro se incarcerated litigant who delivers [a document] to prison officials for mailing on or before its due date accomplishes a timely filing." *Dowell v. State*, 922 N.E.2d 605, 607 (Ind. 2010). However, "a pro se prisoner [must] provide reasonable, legitimate, and verifiable documentation supporting a claim that a document was timely submitted to prison officials for mailing." *Id.* "Where a prisoner's proof is lacking, however, the opposite result obtains." *Id.* at 608.

[6]    Here, Smith points to no reasonable, legitimate, or verifiable documentation proving that he had submitted the required documents before the final February 8, 2019, deadline. Rather, Smith proffered only "a copy of the remittance slip Dated February 7th 2018 and secondly, the Certificate of Service also dated February 7th 2018." Appellant's Br. p. 5. Indiana courts have, in the past, recognized sworn affidavits from prison officials, legal mail logs from law librarians, and letterhead statements as examples of reasonable, legitimate, or verifiable documents that invoke the prison mailbox rule. *See Dowell*, 922 N.E.2d at 608; *see also Harkins v. Westmeyer*, 116 N.E.3d 461, 469-70 (Ind. Ct. App. 2018). Because Smith has not provided any such documentation, we find that Smith failed to submit his findings of fact and conclusions of law on time.

Moreover, it is clear that the post-conviction court exhibited patience and gave Smith multiple opportunities to file his findings of fact and conclusions of law, all to no avail. Smith failed to submit documents necessary for post-conviction proceedings, and after these delays, the post-conviction court reasonably dismissed his petition. And, any argument that the post-conviction court should have shown Smith leniency because of his pro se status is without merit. Pro se litigants are held to the same standards as trained counsel and must follow all procedural rules. *Wright v. State*, 772 N.E.2d 449, 463 (Ind. Ct. App. 2002). In sum, there was no error.

The judgment of the post-conviction court is affirmed.

Kirsch, J., and Crone, J., concur.